UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT KIMBALL, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>     PLAINTIFF,<br><br>     VS.<br><br>MBNA CORP., BRUCE L. HAMMONDS, KENNETH A. VECCHIONE, RICHARD K. STRUSTHER, CHARLES C. KRULAK, JOHN R. COCHRAN, III, MICHAEL G. RHODES, LANCE L. WEAVER AND JOHN W. SCHEFLEN,<br><br>     DEFENDANTS. | Case No. 1:05-cv-04725-KMK |
| VIRGINIA MCMATH, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>     PLAINTIFF,<br><br>     VS.<br><br>MBNA CORP., BRUCE L. HAMMONDS, KENNETH A. VECCHIONE, RICHARD K. STRUSTHER, CHARLES C. KRULAK, JOHN R. COCHRAN, III, MICHAEL G. RHODES, LANCE L. WEAVER AND JOHN W. SCHEFLEN,<br><br>     DEFENDANTS. | Case No. 1:05-cv-05168-KMK |

**MEMORANDUM IN SUPPORT OF MOTION OF THE KIMBALL MOVANTS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS, <u>AND FOR APPROVAL OF SELECTION OF CO-LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

I.   Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  Procedural Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. Summary of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.  Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

   A.   Movants' Motion Is Timely . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

   B.   Movants Should Be Appointed Lead Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . . . 5

      1.   Movants Believe They Have the Largest Financial Stake
           in the Relief Sought by the Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

         i.   Movants are Members of the Class . . . . . . . . . . . . . . . . . . . . . . . 6

         ii.  Movants' MBNA Investment is a
              Substantial Investment of Their Net Worth . . . . . . . . . . . . . . . . 7

      2.   Movants Are Qualified Under Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . 7

V.   Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Scott Kimball, Virginia McMath, M.B. Kajbafnezhad, James Moran and Nancy Kisha Moran (the "Kimball Movants" or "Movants"), hereby move this Court for entry of an order: consolidating the above-captioned actions with respect to all claims brought under the Securities Exchange Act of 1934 (the "Actions"); appointing Movants as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and approving Movants' selection of the Law Offices of Curtis V. Trinko, LLP and the Law Office of Alfred G. Yates Jr., PC as Co-Lead Counsel for the Actions.

## I.    INTRODUCTION

Movants have submitted their sworn certifications required by §21D(a)(2)(A)(i)-(vi) of the Exchange Act setting forth their transactions in MBNA common stock. *See* Trinko Decl. Exhibit B. During the Class Period, Movants' purchased 14,352 combined shares of MBNA common stock for an amount of $35,513.08 in combined estimated losses. *See* Trinko Decl. Exhibit C.

This matter is a class action which alleges violations of the federal securities laws. The Exchange Act establishes a three step procedure for the selection of lead plaintiff to oversee class actions brought under the federal securities laws. *See Yates v. Open Joint Stock Co. "Vimpel-Communications",* 2005 U.S. Dist. LEXIS 7717 (S.D.N.Y. 2005).

First, §21D(a)(3)(A)(i) of the Exchange Act provides that within 20 days after the date on which a securities fraud class action is filed, the initial plaintiff shall publish a notice advising potential plaintiff class members of the pendency of the action, the claims, and the purported class period, and that any member of the class may file a motion with the court to serve as lead plaintiff no later than 60 days from the publication of the notice. 15 U.S.C. §78u-4(a)(3)(A)(i). Notice in this action was timely published on the Business Wire on May 5, 2005. *See* Trinko Decl. Exhibit A;

*see also Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 2005 U.S. Dist. LEXIS 10780 (S.D.N.Y. 2005).

Second, §21D(a)(3)(B)(i) of the Exchange Act directs this Court to consider any motions brought by class members seeking to be appointed as lead plaintiffs as soon as practicable after the Court decides any pending motion to consolidate,[1] but no later than 90 days after publication of the notice. Under this provision of the Exchange Act, the Court "shall" appoint the "most adequate plaintiff" to serve as lead plaintiff. The Exchange Act provides that the Court shall presume that the most adequate plaintiff is the person, or group of persons, that (1) has either filed a complaint or moved for lead plaintiff in response to a notice; (2) "has the largest financial interest in the relief sought;" and (3) satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also Metro Services, Inc. v. Wiggins*, 158 F.3d 162 (2d Cir. 1998).

Finally, as a third step, after the presumptive lead plaintiff has been identified, other class members have an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements. *Id.*

Movants meet the requirements of the Exchange Act for appointment as lead plaintiffs of common stock purchasers of MBNA. Movants suffered approximate losses of $35,513.08 from the acquisition of MBNA securities during the Class Period. *See* Trinko Decl. Exhibit C. Movants

---

[1]    The PSLRA also contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §§ 77z-1(a)(3)(B)(ii), 78u-4(a)(3)(B)(ii). See *Ferrari v. Impath, Inc.*, 2004 U.S. Dist. LEXIS 13898 * 6 (S.D.N.Y. 2004)(consolidation is especially appropriate in securities class actions where the complaints are "are based on the same public statements and reports and defendants will not be prejudiced") (citations and quotations omitted). *See also Dolan v. Axis Capital Holdings Ltd.*, 2005 U.S. Dist. LEXIS 6538 (S.D.N.Y. 2005) (consolidating co-extensive but not identical class periods).

believe they have the largest financial interest in the relief sought by the class. *See Metro Services, Inc. v. Wiggins*, 158 F.3d at 162. Additionally, Movants satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and as such should be appointed lead plaintiffs. Movants also seek Court approval of their selection of Law Offices of Curtis V. Trinko, LLP and the Law Office of Alfred G. Yates Jr., PC as lead counsel.

## II.     PROCEDURAL BACKGROUND

There are two related actions pending in this District[2] on behalf of purchasers, either individually or as part of a class, of shares of MBNA (as defined in the caption of this filing) ("Class Period") (collectively, the "Actions"). Each of these actions alleges claims for violations of the Exchange Act and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 on behalf of investors who purchased or otherwise acquired MBNA common stock during the Class Period or similar overlapping class periods.

The Exchange Act requires the publication of a notice advising class members of their right to move to be appointed lead plaintiff within 60 days of publication. On May 5, 2005, pursuant to §21D(a)(3)(A)(i) of the Exchange Act, a notice of pendency of the action was published in Business Wire for a class period of January 20, 2005 through and including April 21, 2005, setting forth the requisite notice required by the Exchange Act. *See* Trinko Decl. Exhibit A. The notice advised

---

[2]/    In addition to the two complaints filed in this District, complaints have been filed in the United States District Court for the District of Delaware captioned: *Baker v. MBNA Corp. et al*, 05-cv-00272-GMS, *Phillips v. MBNA Corp. et al*, 05-cv-002777-GMS, *Wilkins v. MBNA Corp. et al*, 05-cv-00287-GMS, *Bronstein v. MBNA Corp. et al*, 05-cv-00289-GMS, *Penn v. MBNA Corp. et al*, 05-cv-00293-GMS, *Jones v. MBNA Corp. et al*, 05-cv-00316-GMS, *Lemon Bay Partners LLP v. Hammonds et al*, 05-cv-00327-GMS, *Benoit v. Hammonds et al*, 05-cv-00361-GMS, *Blum v. MBNA Corp. et al*, 05-cv-00372-GMS, and *Cussen v. MBNA Corp. et al*, 05-cv-00389-GMS.

class members of the existence of the lawsuit and described the claims asserted therein. Movants' motion is timely filed within 60 days from the publication of the initial notice.

## III. SUMMARY OF FACTS

These related class actions allege a common course of conduct by defendants in violation §§10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. The actions name MBNA and certain of its officers as defendants, and are brought on behalf of all persons who purchased or otherwise acquired MBNA securities during the Class Period. Each action alleges that defendants sought to artificially inflate the value of MBNA securities by making materially false and misleading statements to the public regarding the Company's business operations and prospects.

The complaints allege that defendants projected annual income growth of 10% for MBNA, and continued to make this projection during the Class Period. In the weeks following the projection, the Company's top officers and directors sold more than $75 million worth of their own MBNA shares. The complaint alleges that instead of truthfully disclosing during the Class Period that MBNA's business was not as healthy as represented, defendants caused MBNA to falsely represent the strength of its growth in new loans, the decrease in delinquency rates, the decrease in loan loss rates, its ability to wean its sales model off teaser no-interest promotions, and the value of its interest-only securitization strips and its forecasted earnings. On April 21, 2005, defendants disclosed that MBNA had earned only $0.02 in Q1 2005 -- a 94% decline from the $0.59 per share it reported in Q4 2004 -- and that it was guiding 2005 EPS growth down to "significantly below" its prior 10% growth estimate. Following the Company's April 21, 2005 disclosure, the Company's

stock price plummeted from its closing price of $23.11 per share on the close of April 20, 2005 to below $19 per share, on extremely high trading volume of 51 million shares.

IV.   **ARGUMENT**

     A.   **Movants' Motion Is Timely**

The Exchange Act establishes a three-step procedure for the selection of lead plaintiff under the federal securities laws. *See Yates,* 2005 U.S. Dist. LEXIS 7717. The Exchange Act first requires the publication of a notice advising class members of their right to move within 60 days of publication to be appointed lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). On May 5, 2005, a notice of pendency of the action was published in Business Wire setting forth the requisite notice required by the Exchange Act. *See* Trinko Decl., Exhibit A. Class members who filed a complaint or moved pursuant to §21D(a)(3)(B) of the Exchange Act are eligible to be appointed lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(i). Movants' motion is timely filed within 60 days from the publication of that notice.

     B.   **Movants Should Be Appointed Lead Plaintiffs**

          1.   **Movants Believe They Have the Largest Financial Stake in the Relief Sought by the Class**

The Private Securities Litigation Reform Act of 1995 ("PSLRA") also provides that this Court:

> [S]hall appoint as lead plaintiff the member or ***members*** of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. §78u-4(a)(3)(B)(I). Moreover, the statute requires this Court to adopt a rebuttable presumption that the most adequate plaintiff in any private action arising under this title is the person

- 5 -

or group of persons that "has the ***largest financial interest*** in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### i.      **Movants are Members of the Class**

The PSLRA explicitly provides that a "member or members" of the class, 15 U.S.C. §78u-4(a)(3)(B)(i), or a "person or group of persons," may combine to constitute "the largest financial interest" entitled to presumptive appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Thus, courts have appointed groups of individual shareholders as lead plaintiffs. Appointment of the Movants (individual, non-institutional investors) as lead plaintiffs may "ensure[] that the interests of all class members will be adequately represented in the prosecution of the action." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). As Judge Brieant noted in his widely-adopted *Oxford Health* decision:

> It should also be noted that the lead plaintiff movants are *not in fact competing with each other.* Each is seeking the same result - the greatest recovery for the class consistent with the merits of the claims raised, the defenses asserted and the burdens and risks of litigation. The rebuttable presumption created by the PSLRA which favors the plaintiff with the largest financial interest was not intended to obviate the principle of providing the class with the most adequate representation and in general the Act must be viewed against established principles regarding Rule 23 class actions. *Allowing for diverse representation,* including in this case a state pension fund, significant individual investors and a large institutional investor, ensures that the interests of all class members will be adequately represented ....

*Oxford Health,* 182 F.R.D. at 49 (emphasis added). In the event that the Court deems it appropriate to appoint an institutional investor as lead plaintiff, Movants respectfully urge the Court to consider appointing a co-lead plaintiff structure consisting of the Kimball Movants and an institutional investor, which may provide the "flexibility and stability to the class if presented with the situation that either co-lead plaintiff fails to address certain interests within the Class . . ." *Malasky v. IAC/lnteractiveCorp*, 2004 U.S. Dist. LEXIS 25832 * 14 (S.D.N.Y. 2004).

### ii.  Movants' MBNA Investment is a Substantial Investment of Their Net Worth

Although the "PSLRA does not explicitly explain how the greatest financial interest should be calculated," *Ferrari* v. *Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898 * 6 (S.D.N.Y. 2004), courts across the country have reasoned that a financial interest for this purpose should be determined "in terms of absolute dollars or as a percentage of a plaintiff's net worth." *See Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, 2000 U.S. Dist. LEXIS 5481 (D.N.J. 2000) (also appointing two individuals lead plaintiff whose "shares represent a substantial portion of their retirement funds" in addition to the Connecticut Retirement Plans and Trust Funds), *adopting In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. at 47. With $35,513.08 in losses from their combined investments in MBNA the Kimball Movants believe they have the largest financial interest in the outcome of this litigation ***as a percentage of net worth*** in their investment savings and, therefore, are presumptively entitled to appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### 2.  Movants Are Qualified Under Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act provides that, at the outset of the litigation, the lead plaintiffs must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of the class representative, Rule 23(a) requires generally that the claims be typical of the claims of the class and that the representative fairly and adequately protect the interests of the class. As detailed below, Movants satisfy the typicality and adequacy requirements of Rule 23(a) and are qualified to be appointed lead plaintiffs.

"Typicality of claims exists if each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendants' liability,

even if some minor variations exist in the factual allegations asserted by different class members." *The Constance Sczesny Trust*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (internal citations and quotations omitted). "[T]he initial inquiry . . . should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy. Indeed, a wide ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for consideration of a motion for class certification." *Yates,* 2005 U.S. Dist. LEXIS 7717 * 4 (internal citation and quotations omitted).

The questions of law and fact common to the members of the class that predominate over questions that may affect individual class members include the following:

- Whether the federal securities laws were violated by defendants' acts as alleged herein;

- Whether MBNA issued false and misleading statements during the Class Period;

- Whether defendants caused MBNA to issue false and misleading statements during the Class Period; and

- Whether defendants acted knowingly or recklessly in issuing false and misleading financial statements.

As a result, each class members' claims arise from the same course of events, and the claims asserted by Movants are typical of the claims of the members of the proposed class. Movants and members of the proposed class allege that defendants violated the federal securities laws by publicly disseminating materially false and misleading statements about MBNA's business and finances throughout the Class Period. Movants, as did all of the members of the proposed class, acquired

MBNA common stock at prices artificially inflated by defendants' fraudulent misrepresentations and omissions and were damaged thereby.

Proposed lead plaintiffs' interests are aligned with the members of the proposed class, and there is no evidence of any antagonism between proposed lead plaintiffs' interests and the interests of the proposed class members.  As detailed above, Movants have raised questions of law and fact which are common to those of all members of the proposed class, and their claims are typical of the members of the class, as well.  Movants have demonstrated their adequacy as class representatives by signing sworn certifications affirming their willingness to serve as, and assume the responsibilities of, class representatives. See Trinko Decl., Exs. B and C.

In addition, Movants have selected and retained competent counsel to represent them and the Class.  The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval.  15 U.S.C. §§77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v).  The Proposed Co-Lead Counsel have extensive experience in the areas of securities and complex litigation, and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  *See* Trinko Decl., Exhibit D and E.  Movants thus satisfy the requirements of Fed. R. Civ. P. 23, as well as the PSLRA's prerequisites for the appointment of lead plaintiffs in this action, and therefore Moveants should be appointed as lead plaintiffs and their selection of counsel should be appointed co-lead counsel, pursuant to 15 U.S.C. §78u-4(a)(3)(B).

**V.      CONCLUSION**

For all the foregoing reasons, Movants respectfully request that the Court: (i) consolidate the Actions; (ii) appoint them as Lead Plaintiffs pursuant to the PSLRA; and (iii) approve their selection of Law Offices of Curtis V. Trinko, LLP and Law Office of Alfred G. Yates Jr., PC as Co-Lead Counsel.

Dated: July 5, 2005

By:     **LAW OFFICES OF CURTIS V. TRINKO, LLP**

_____/S_____
Curtis V. Trinko  (CT-1838)
Jeffrey B. Silverstein (JS-4818)
16 West 46th Street, Seventh Floor
New York, NY  10036
Telephone:  212/490-9550
Fax: 212/986-0158
Email: ctrinko@trinko.com


**LAW OFFICE OF ALFRED G. YATES JR., PC**
Alfred G. Yates, Jr.
Gerald L. Rutledge
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219-1649
Telephone:  412/391-5164
Fax: 412/471-1033
Email: yateslaw@aol.com

*Proposed Co-Lead Counsel*