**EXHIBIT  A**

*Copyright 2005 Business Wire, Inc.*

Business Wire

May 5, 2005 Thursday  9:45 PM GMT

**DISTRIBUTION:** Business Editors; Financial Analysts

**LENGTH:** 963 words

**HEADLINE:** Lerach Coughlin Stoia Geller Rudman & Robbins LLP Files Class Action Suit Against MBNA Corp.

**DATELINE:** SAN DIEGO May 5, 2005

**BODY:**

Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") (http://www.lerachlaw.com/cases/mbna/) today announced that a class action has been commenced in the United States District Court for the District of Delaware on behalf of purchasers of MBNA Corp. ("MBNA") (NYSE:KRB) publicly traded securities during the period between January 20, 2005 and April 21, 2005 (the "Class Period").

If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today. If you wish to discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, William Lerach or Darren Robbins of Lerach Coughlin at 800/449-4900 or 619/231-1058, or via e-mail at wsl@lerachlaw.com. If you are a member of this class, you can view a copy of the complaint as filed or join this class action online at http://www.lerachlaw.com/cases/mbna/. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

The complaint charges MBNA and certain of its officers and directors with violations of the Securities Exchange Act of 1934. MBNA is an international financial services company providing lending, deposit, and credit insurance products and services to its customers.

The complaint alleges that on January 21, 2005, the start of the Class Period, MBNA issued the first earnings forecast in the Company's history, projecting an ongoing 12% earnings increase, with a 10% increase in 2005 earnings over 2004's. Defendants said MBNA would make this target because the Company had already drastically reduced its own reliance on insidious no-interest loans, rendering its own loan portfolio more profitable than that of its competitors. Defendants also projected a 20%+ increase in Return on Equity. Defendants' EPS estimate for 2005 was $2.36 per share, which was 10% above the Company's 2004 EPS. These projections were being made nearly one-third of the way into Q1 2005 and would be repeated and detailed at the Company's January 21, 2005 and February 9, 2005 investor conferences. On April 21, 2005, defendants disclosed that MBNA had earned only $0.02 in Q1 2005 -- a 94% decline from the $0.59 per share it reported in Q4 2004 -- and that it was guiding 2005 EPS growth down to "significantly below" its prior 10% growth estimate.

According to the complaint, the true facts, which were known by each of the defendants but concealed from the investing public during the Class Period, were as follows: (a) the Company had been experiencing "unexpectedly high payment volumes from U.S. credit card customers" during Q1 2005, reducing managed loans in the quarter "more than in prior years"; (b) of the prepays, the higher interest rate borrowers were prepaying more than the lower interest rate borrowers, resulting in the prepays having a more adverse impact on the Company's yield on managed loans; (c) MBNA was suffering from an unseasonably sharp contraction in loans during Q1 2005 causing total managed loans to decrease; (d) the Company had been aggressively recognizing gains on sales of securitized no-interest loan receivables through off-balance sheet funding structures; (e) MBNA was experiencing higher-than-expected delinquencies during Q1 2005; (f) the Company had reversed its margin-protection strategy of reducing reliance on no-interest loans and teaser promotions and was instead increasing its offering of no-interest loans, which, by defendants' own admissions, will significantly reduce future earnings; (g) losses on loan receivables and managed loans had increased; (h) approximately 50% of MBNA's receivables were on variable floating interest rates while approximately 80% of the Company's funding was tied to LIBOR, such that the Company's cost of funds was increasing more rapidly than the interest payments it was receiving from borrowers when interest rates increased; (i)

due to the increase in prepays, the interest-only securitization strip securities valued on the Company's books at $1.3 billion were overstated; and (j) the Company's previously announced Q1 2005 restructuring charge had doubled. As a result of these false statements, MBNA's stock traded at inflated levels during the Class Period which permitted the Company's top officers and directors to sell more than $75 million worth of their own shares. Following the Company's April 21, 2005 disclosures concerning its business operations, financial results and reduced 2005 earnings expectations, the Company's stock price plummeted from its closing price of $23.11 on the close of April 20, 2005 to below $19 per share on extremely high trading volume of 51 million shares.

Plaintiff seeks to recover damages on behalf of all purchasers of MBNA publicly traded securities during the Class Period (the "Class"). The plaintiff is represented by Lerach Coughlin, which has expertise in prosecuting investor class actions and extensive experience in actions involving financial fraud.

Lerach Coughlin, a 150-lawyer firm with offices in San Diego, San Francisco, Los Angeles, New York, Boca Raton, Washington, D.C., Houston, Philadelphia and Seattle, is active in major litigations pending in federal and state courts throughout the United States and has taken a leading role in many important actions on behalf of defrauded investors, consumers, and companies, as well as victims of human rights violations. Lerach Coughlin lawyers have been responsible for more than $20 billion in aggregate recoveries. The Lerach Coughlin Web site (http://www.lerachlaw.com) has more information about the firm.

CONTACT: Lerach Coughlin Stoia Geller Rudman & Robbins LLP William Lerach, 800-449-4900 wsl@lerachlaw.com

**URL:** http://www.businesswire.com

**LOAD-DATE:** May 6, 2005

**EXHIBIT B**

CERTIFICATION
PURSUANT TO FEDERAL SECURITIES LAWS

I, M.B. KAJBAF NEZH4DD declare the following as to the claims asserted, or to be asserted, under the federal securities laws:

1.    I have reviewed the MBNA Corp. complaint.

2.    I did not acquire the referenced securities at the direction of plaintiff's counsel or in order to participate in any private action under the federal securities laws.

3.    I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial.

4.    I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as lost wages and travel expenses, directly related to the class representation, as ordered or approved by the court pursuant to law.

5.    I have not sought to serve or served as a representative party for a class in an action under the federal securities laws within the past three years, except (list if any):

6.    I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is unaffected by my decision to serve as a representative party.

7.    I have made the following transactions in MBNA Corp. [KRB], and will provide records of those transactions upon request:

| Trade Date | No. of Shares | Price Per Share | Buy or Sell |
|---|---|---|---|
| 4\13\05 | 2000 | 24.35 | Buy |
| 4\13\05 | 2000 | 24.27 | Buy |
| See attached | schedule | | |
| | | | |
| | | | |
| | | | |

Please use and attach additional pages if necessary.

**I declare under penalty of perjury that the foregoing is true and correct**

Executed this  17  day of  June , 2005

_____
Signature

**Schedule of additional transactions in MBNA by M.B. Kajbafnezhad**

| Trade Date | No. of Shares | Price Per Share | Buy or Sell |
|------------|---------------|-----------------|-------------|
| 3/11/2005 | 2,000 | $25.40 | Buy |
| 3/14/2005 | 2,000 | $25.56 | Sell |
| 3/16/2005 | 2,000 | $24.78 | Buy |
| 3/16/2005 | 1,000 | $24.92 | Buy |
| 3/16/2005 | 1,000 | $25.25 | Buy |
| 4/4/2005 | 2,000 | $24.84 | Sell |
| 4/6/2005 | 1,000 | $25.05 | Sell |
| 4/7/2005 | 1,000 | $25.12 | Sell |

## CERTIFICATION
## PURSUANT TO FEDERAL SECURITIES LAWS

Scott Kimball ("Plaintiff") declares, as to the claims asserted, under the federal securities laws, that:

1.    Plaintiff has reviewed the class action complaint and authorizes its filing.

2.    Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff's transactions in MBNA Corp. (KRB) that are the subject of this action are:

Purchased 2000 shares April 13, 2005 at $24.33

5.    During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in a case filed under the federal securities laws, except as follows (list, if any):

6.    The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _13_ day of May, 2005.

Scott Kimball

**CERTIFICATION OF NAMED PLAINTIFF**
**PURSUANT TO FEDERAL SECURITIES LAWS**

**I, VIRGINIA MCMATH,** hereby certify as follows:

1.    I have reviewed the complaint prepared for me concerning MBNA Corp., brought under the federal securities laws, and have authorized the filing of such an action .

2.    Plaintiff did not purchase, or otherwise acquire, the securities of MBNA Corp., that are the subject of this action, at the direction of plaintiff's counsel, or in order to participate in any private action arising under the federal securities laws.

3.    I am willing to serve as a representative party on behalf of the class, and will provide testimony at a deposition and/or at trial, if necessary.

4.    Plaintiff's transactions in the securities that are the subject of this litigation during the class period set forth in the complaint are, as follows:

    a).  Plaintiff purchased 400 shares of MBNA Corp. common stock on March
    17, 2005 at $ 25.3397 per share;

    b).  Plaintiff still holds the aforesaid stock

5.    During the three years prior to the date hereof, plaintiff has not filed an action in which she has sought to serve, or has served, as a representative party for a class in any action filed under the federal securities laws.

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond her pro rata share of any recovery, or as ordered or approved by the Court, including the award to a representative of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed this 27 day of May, 2005 at White Plains, New York.

Virginia McMath 5/27/05
**VIRGINIA MCMATH**

## CERTIFICATION
## PURSUANT TO FEDERAL SECURITIES LAWS

I, JAMES J. MORAN , declare the following as to the claims asserted, or to be asserted, under the federal securities laws:

1. I have reviewed the MBNA Corp. complaint.

2. I did not acquire the referenced securities at the direction of plaintiff's counsel or in order to participate in any private action under the federal securities laws.

3. I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial.

4. I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as lost wages and travel expenses, directly related to the class representation, as ordered or approved by the court pursuant to law.

5. I have not sought to serve or served as a representative party for a class in an action under the federal securities laws within the past three years, except (list if any):


6. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is unaffected by my decision to serve as a representative party.

7. I have made the following transactions in MBNA Corp. [KRB], and will provide records of those transactions upon request:

| Trade Date | No. of Shares | Price Per Share | Buy or Sell |
|---|---|---|---|
| 12/15/04 | 250 | 27.60 | Buy |
| 3/10/05 | 250 | 26.32 | Buy |
| 3/10/05 | 150 | 26.23 | Buy |
| 3/10/05 | 100 | 26.23 | Buy |
| 3/23/05 | 200 | 24.15 | Buy |
| 4/1/05 | 2 | 24.78 | Buy |

**Please use and attach additional pages if necessary.**

**I declare under penalty of perjury that the foregoing is true and correct**

Executed this 23 day of MAY , 2005

Signature

## CERTIFICATION
## PURSUANT TO FEDERAL SECURITIES LAWS

I, NANCY KUSHA MORAN , declare the following as to the claims asserted, or to be asserted, under the federal securities laws:

1.     I have reviewed the MBNA Corp. complaint.

2.     I did not acquire the referenced securities at the direction of plaintiff's counsel or in order to participate in any private action under the federal securities laws.

3.     I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial.

4.     I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as lost wages and travel expenses, directly related to the class representation, as ordered or approved by the court pursuant to law.

5.     I have not sought to serve or served as a representative party for a class in an action under the federal securities laws within the past three years, except (list if any):


6.     I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is unaffected by my decision to serve as a representative party.

7.     I have made the following transactions in MBNA Corp. [KRB], and will provide records of those transactions upon request:

| Trade Date | No. of Shares | Price Per Share | Buy or Sell |
|------------|---------------|-----------------|-------------|
| 2/9/05 | 250 | 26.54 | Buy |
| 2/9/05 | 250 | 26.05 | Buy |
| 3/10/05 | 250 | 26.30 | Buy |
| 3/11/05 | 250 | 25.37 | Buy |
| 3/23/05 | 250 | 24.14 | Buy |
| | | | |

**Please use and attach additional pages if necessary.**

**I declare under penalty of perjury that the foregoing is true and correct**

Executed this 29 day of MAY , 2005

_____
Signature

**EXHIBIT C**

# MBNA CORP.

## TOTAL ESTIMATED LOSS
## BASED ON TRANSACTIONS IN MBNA CORP. STOCK FOR
## THE KIMBALL MOVANTS

| Last Name | First Name | Shares Bought | | | Shares Sold | | | Total Gain/(Loss) |
|---|---|---|---|---|---|---|---|---|
| | | # of Shares | Date | $ Per Share | # of Shares | Date | $ Per Share | |
| | | | | | | | | |
| Kajbafnezhad | M.B. | 2,000 | 03/11/05 | $25.4000 | 2,000 | 03/14/05 | $25.5600 | $320.00 |
| Kajbafnezhad | M.B. | 2,000 | 03/16/05 | $24.7800 | 2,000 | 04/04/05 | $24.8400 | $120.00 |
| Kajbafnezhad | M.B. | 1,000 | 03/16/05 | $24.9200 | 1,000 | 04/06/05 | $25.0500 | $130.00 |
| Kajbafnezhad | M.B. | 1,000 | 03/16/05 | $25.2500 | 1,000 | 04/07/05 | $25.1200 | ($130.00) |
| Kajbafnezhad | M.B. | 2,000 | 04/13/05 | $24.3500 | | | | ($7,324.00) |
| Kajbafnezhad | M.B. | 2,000 | 04/13/05 | $24.2700 | | | | ($7,164.00) |
| | | | | | | | | |
| Kimball | Scott | 2,000 | 04/13/05 | $24.3300 | 2,000 | 04/22/05 | $18.6500 | ($11,360.00) |
| | | | | | | | | |
| McMath | Virginia | 400 | 03/17/05 | $25.3397 | | | | ($1,860.68) |
| | | | | | | | | |
| Moran | James J. | 250 | 03/10/05 | $26.3200 | 250 | 03/14/05 | $25.5300 | ($197.50) |
| Moran | James J. | 150 | 03/10/05 | $26.2300 | 150 | 04/21/05 | $18.8300 | ($1,110.00) |
| Moran | James J. | 100 | 03/10/05 | $26.2300 | 100 | 04/21/05 | $18.7200 | ($751.00) |
| Moran | James J. | 200 | 03/23/05 | $24.1500 | 200 | 04/21/05 | $18.8300 | ($1,064.00) |
| Moran | James J. | 2 | 04/01/05 | $24.7800 | 2 | 04/21/05 | $18.8300 | ($11.90) |
| | | | | | | | | |
| Moran | Nancy Kisha | 250 | 02/09/05 | $26.5400 | 250 | 02/14/05 | $26.2600 | ($70.00) |
| Moran | Nancy Kisha | 250 | 03/09/05 | $26.0500 | 250 | 03/14/05 | $25.5100 | ($135.00) |
| Moran | Nancy Kisha | 250 | 03/10/05 | $26.3000 | 250 | 04/21/05 | $18.7300 | ($1,892.50) |
| Moran | Nancy Kisha | 250 | 03/11/05 | $25.3700 | 250 | 04/21/05 | $18.7300 | ($1,660.00) |
| Moran | Nancy Kisha | 250 | 03/23/05 | $24.1400 | 250 | 04/21/05 | $18.7300 | ($1,352.50) |
| | | | | | | | | |
| **TOTALS** | | **14352** | | | **9952** | | | **($35,513.08)** |

**EXHIBIT D**

**THE LAW OFFICES OF CURTIS V. TRINKO, LLP**

**FIRM RESUME**

The LAW OFFICES OF CURTIS V. TRINKO, LLP is an AV-rated law firm which specializes in complex commercial litigation, and particularly, litigation involving violations of federal and state securities and corporate laws, as well as claims involving officers' and directors' liability, corporate governance practices and procedures, and claims of excessive executive and advisory compensation. The firm has directly participated in the recovery of substantial settlements on behalf of defrauded shareholders injured by illegal corporate activities, or shareholders denied the appropriate valuation for their equity ownership in the wake of successful and/or attempted corporate buy-outs, takeovers and other transactions involving corporate restructurings, asset sales and/or mergers and acquisitions. Moreover, the firm's efforts have assisted in restoring many millions of dollars to corporate treasuries depleted by the illegal practices and/or breaches of fiduciary duties by their corporate officers and directors. The firm has also represented both individual and corporate defendants in numerous securities class actions, investor claim-related litigation, shareholder derivative litigation, and other commercial litigation.

In addition, the firm has pursued litigation on behalf of defrauded consumers, for violations of the federal antitrust laws, on behalf of mass tort victims, to remedy human rights violations, as well as on behalf of Holocaust victims, those afflicted with Gulf War Syndrome, and those harmed by the Bhopal Gas Disaster.

**<u>CURTIS V. TRINKO</u>**

For the past twenty-two years, Mr. Trinko, the principal of the firm, has personally been actively involved in class action and derivative securities, as well as consumer, mass-tort, environmental, and antitrust litigation in many Federal District Courts and State Courts throughout the United States. In fact, Mr. Trinko has had significant involvement in approximately 350 such complex litigations. Moreover, he has also been extensively engaged in general commercial litigation in both Federal and State Courts for the past twenty-seven years.

Curtis V. Trinko graduated from New York University School of Law in 1974, where he was both a Root-Tilden Scholar and a Research Fellow at the Center for International Studies. He received his B.A. Degree with Honors from the University of Wisconsin-Madison in 1971. From 1974-1975, he clerked with the Hon. Thomas R. McMillen, a United States District Judge, then sitting in the Northern District of Illinois. In 1975, he was admitted to the Bar of the State of New York, to the Bars of the U.S. District Courts for the Southern and Eastern Districts of New York, and to the Bar of the U.S. Court of Appeals for the Second Circuit. Since then, Mr. Trinko has also been admitted to the Bars of the U.S. Courts of Appeals for the Ninth Circuit and Eleventh Circuit, the Bars of the U.S. District Court for the Northern District of California and Colorado, as well as the Bar of the United States Supreme Court. Prior to establishing his own law practice, he was a member of Rouhana & Trinko, A Professional Corporation. Prior thereto, Mr. Trinko was affiliated with the law firm now known as Abbey Gardy, LLP, and he had been a litigation associate at Milbank, Tweed, Hadley & McCloy and Golenbock and Barell in New York City.

### LORI E. COLANGELO

Lori E. Colangelo, associated with the firm, graduated from New York Law School in 1991. Ms. Colangelo received her B.A. degree from Georgetown University in 1980. In April of 1992, she was admitted to the Bar of the State of New York. In October, 1995, she was admitted to the Bar of the U.S. District Court for the Southern District of New York. Since her initial affiliation with the Law Offices of Curtis V. Trinko, LLP in October of 1984, Ms. Colangelo has been involved in extensive research and analysis for the prosecution and defense of shareholder and investor-related claims, consumer claims, antitrust violations, and corporate commercial claims, as well as having had significant involvement in pretrial motion practice, document discovery, the preparation of complaints, as well as participating in other phases of the discovery process in numerous shareholder and investor-related litigations as well as other complex litigations.

### NEAL A. DeYOUNG

Neal A. DeYoung, "Of Counsel" to the firm, graduated from Boston University School of Law in 1986. Mr. DeYoung received his B.A. degree from Northwestern University in 1983. In 1987, he was admitted to the Bar of the State of New York, as well as the Bars of the U.S. District Courts for the Southern and Eastern Districts of New York. In 1989, Mr. DeYoung was admitted to the Bar of the District of Columbia, and is a member of the Bar of the U.S. Court of Appeals for the Eleventh Circuit. In addition to shareholder and investor-related claims, Mr. DeYoung is also a commercial and real estate litigator, representing corporations, partnerships and individuals in business, real estate and collection disputes in state and federal courts. Since 1987, Mr. DeYoung has been involved in numerous investor-related, consumer, antitrust, and corporate governance cases.

### DAVID ROMERO

David Romero, Litigation Resources Manager for the firm, graduated from Cornell University, College of Arts & Sciences, in 1979 in the College Scholar Program with concentrations in Physics and Philosophy. His responsibilities at the firm include the application of diverse technological, scientific and computerized resources to facilitate research and information management through all phases of complex class actions and commercial litigation, including matters regarding securities fraud violations, antitrust violations, environmental claims, and remedies for human rights and Holocaust victims. Prior to becoming affiliated with the firm in 1998, Mr. Romero maintained similar responsibilities at both plaintiff and defense oriented law firms, including Goodkind Labaton Rudoff & Sucharow and White & Case, where he also specialized in mass tort, mergers & acquisition and intellectual property matters. Mr. Romero also has broad experience in the preparation of expert witnesses in various scientific and technical disciplines, and has extensive in-court hearing, trial and appellate experience, including in the Exxon Valdez Oil Spill Litigation, the Bhopal Gas Disaster Litigation, Breast Implant Litigation, Asbestos Litigation, and Tobacco Litigation.

## JEFFREY B. SILVERSTEIN

Jeffrey B. Silverstein, "Of Counsel" to the firm, graduated from New York Law School in 1991. Mr. Silverstein received his B.A. Degree from New York University in 1985. In April of 1992, he was admitted to the Bar of the State of New York, and in December of 1992, he was admitted to the Bar of the State of Florida. Prior to first becoming affiliated with The Law Offices of Curtis V. Trinko in July, 1994, Mr. Silverstein was associated with F. Lee Bailey and Aaron J. Broder in New York City. In the late 1990s , Mr. Silverstein became affiliated with Wechsler, Harwood, Halebian & Feffer, LLP, and was later the General Counsel for a dot.com enterprise based in New York. In 2001, Mr. Silverstein became reaffiliated with the Trinko firm.

During his affiliations with the Law Offices of Curtis V. Trinko, Mr. Silverstein has had significant involvement in discovery and motion practice in a number of shareholder and investor litigations, corporate governance matters, and complex commercial actions.

## PAST AND PRESENT LITIGATION

This firm has actively litigated, and has been approved as class or derivative counsel in the prosecution of various securities class action suits or derivative actions, such as: Solash v. Lionel Corp, 89 Civ. 7760 (S.D.N.Y.) (recovery of $1.4 million); In Re Amdahl Securities Litigation, Master File No. C-92-20609-JW (EAI) (N.D. Cal.) (recovery of $13 million); Landes v. Goodfriend, 3-93-CV-698 (E.D.TN) (recovery of $3.2 million); In Re RasterOps Corporation Securities Litigation, C.A. No. C-92-20349-RM W (EAI) (N.D. Cal. 1992) (recovery of $6.5 million); MacDavid v. Figgie, 93 CV-001798, 94-L-08) (Ct. of Common Pleas Lake County of Ohio) (Mitrovich, J.) (recovery of $3.3 million on behalf of Company, the release of Employment Agreement rights as to base pay, bonuses, incentive pay, consulting fees, restricted stock and deferred compensation by various individual defendants, the creation of Committee to review Board's performance and structure to ensure a majority of independent directors, and the reduction of the Board's operating expenses by a minimum of $200,000); In Re Nord Resources Corporation Securities Litigation, Case No. C-3-90-380 (S.D. Ohio) (recovery of $4.75 million); Telerate, Inc. Shareholder Litigation, Civ. 1115 (Del. Ch. 1989) (benefit of $95 million); Korf v. The Cooper Companies, Inc., Civ. Action No. 89 Civ. 5892 (MGC) (S.D.N.Y.) (recovery of $1.7 million); In Re National Health Laboratories, Securities Litigation, Master File No. Civ. No. 92-1949-H (CM); (SD. CA) (recovery of $64 million); In Re T$^2$ Medical, Inc. Shareholder Litigation, Master File No. 1:94-CV-744-RLV (N.D. Ga.) (recovery of $7 million); Fort Howard Shareholder Litigation, No. 999 (Del. Ch.) (recovery of $13.4 million); LILCO Shareholder Litigation, No. 84-0588 (E.D.N.Y.), (recovery of $50 million); Horstmann v. Bailey, Nos. 84-4903, 84-5001 (S.D.N.Y.) and Manning v. Cornelius, No. 88-7700 (E.D.Ky.), in which a class of limited partnership investors received approximately $800,000 in settlement of an action under Section 10(b) and Rule 10b-5; Lionel Securities Litigation, No. 82 Civ. 1049 (JES) (S.D.N.Y.), (recovery of $2.8 million); Petro-Lewis Securities Litigation, Civ. Action No. 84-C-326 (D. Col.), (recovery of $137 million); Revco Shareholder Litigation, No. 106749 (Ohio Ct. C.P.) (plaintiffs' counsel credited with assisting in obtaining a price of $38.50 in cash per share for the common stock of Revco, as compared to the initial proposal of $36.00 per share); Owens Illinois Inc. Shareholder Litigation, No. 86-3955 (Ohio

Ct. C.P.) (takeover offer of $55 per share was increased to $60 per share, and further increased to $60.50 per share); Pandick Securities Litigation, No. 8736 (Del. Ch.) (shareholders were to receive $25.50 per share in cash for common stock, but as a direct result of the litigation instituted, received a special dividend of 11.25 cents per share, for an aggregate benefit to the shareholders of $1,105,128); In re E.F. Hutton Banking Practices Litigation, M.D.L. 649 (S.D.N.Y.) (recovery of $2.5 million); Jackson v. Henley Manufacturing Corp, Consolidated Civil Action No. 10445 (Del. Ch.), (initial proposed tender offer price per share of common stock of $80 per share was increased to $90 per share, resulting in a benefit to the shareholders of approximately $26 million); Grossman v. Pillsbury Company, Consolidated Civil Action No. 1023 (Del Ch.), (poison pill struck down, allowing the Company to be acquired by Grand Metropolitan and a substantial premium over market value paid to Pillsbury's shareholders); Weintraub v. ITT, Master File No. 84-432 (D.Del.) (recovery of $7.5 million); and Walt Disney Corp. Shareholder Derivative Action, (recovery of approximately $45 million).

The firm has also acted as class or derivative counsel in obtaining substantial benefits for the public shareholders and/or companies in the following securities class actions:

In Re IDB Communications Group, Securities Litigation,
CV-94-3618 (Ct.D.Ca) (recovery of $75 million);

In Re First Executive Corporation Securities Litigation,
CV-89-7135 DT (KX) (CC.D. Cal. 1994) ($90 million recovery);

In Re U.S. Bioscience Securities Litigation,
Civil Action No. 92-0678, (E.D. Pa.) ($15.25 million settlement);

In Re Bristol-Myers Squibb Company Securities Litigation,
Consolidated Civil Action No. 92 CIV 4007 (JES) (S.D.N.Y.) ($19 million recovery);

In Re Diagnostek, Inc. Securities Litigation,
Master File No. CIV-92-1274 JB/WWD (D. New Max.) ($16 million recovery);

In Re Foodmaker/Jack-In-The Box,
C93-517 WD (W.D. WA) ($13 million recovery);

In Re Columbia Gas System, Inc. Securities Litigation, Cons. Civil Action No. 91-357-JLL
(Dist. of Del.) ($36.5 million recovery);

In Re Chambers Development,
CV 92-0679 (W.D. of Pa.) ($95 million recovery);

In Re Prudential Limited Partnership Litigation,
(MDL Docket No. 1005) ($110 million recovery);

In Re Tucson Electric Power Co. Securities Litigation,

- 4 -

Civ. 89-1274 (D. Ariz.) ($30 million recovery);

In Re N.V. Philips Securities Litigation,
No. 90 Civ. 3044 (S.D.N.Y.) ($9.25 million recovery);

In Re Consolidated Columbia Savings and Loan Actions,
Master File No. 89-6538 SVW (Ex) (C.D. Cal.) ($79.5 million recovery);

Katz v. LIN Broadcasting Corp.,
90 Civ 7787 (KTD) (U.S.D.C., S.D.N.Y.) ($9 million recovery);

In Re RJR Nabisco, Inc. Shareholder Litigation,
Civ. Action No. 10389 (Del. Ch.) (benefit of approximately $55 million);

In Re Scott Paper Securities Litigation,
No. 90-6192 ((E.D. Pa.) ($8 million recovery);

In Re Dime Savings Bank of New York,
No. 89-2189 (JM) (E.D.N.Y.) ($6.8 million recovery);

Hillel v. Chase Manhattan Bank,
No. 90-6239 (S.D.N.Y.) ($17.5 million recovery);

In Re General Development Corporation Securities Litigation,
No. 90-691-Civ.-Marcus (S.D. Fla.) ($10 million recovery);

Rosengarten v. Irani, et al. and Occidental Petroleum Corp.,
Case No. BC 031286, Sup. Ct. Los Angeles County (creation of Investment Review
Committee and Policy to review Company's capital commitment or guarantee which exceeds
$10 million in any activity other than that related to its primary business operations);

In Re Perseptive Biosystem, Inc. Securities Litigation,
C.A. No. 94-12575-PBS (Mass.) (recovery of $8.25 million in cash, $5 million in common
stock and $2 million in warrants);

In Re AM International, Inc. Securities Litigation,
M-21-31, MDL Docket No. 494 (S.D.N.Y.) ($23 million recovery);

Consumer Power Co. Derivative Litigation,
Master File No. 84-Civ-3788 (E.D. Mich.) ($33 million recovery);

This firm presently serves or recently has served as class or derivative counsel in the
following securities class actions:

In Re American Medical Holdings, Inc. Shareholder Litigation,

- 5 -

Cons. Civ. Action No. 13797 (Del. Ch.);

Stevens v. O'Brien Environmental Energy, Inc. et al.,
94-CV-4577 (ED Pa);

In Re John Alden Financial Corp. Securities Litigation,
95-830-Civ. Nesbitt (S.D. Fla.);

Steiner v. Montedison S.p.A. et al.,
93 Civ. 3673 (ADS) (E.D.N.Y.);

Ellis et al. v. Leung et al.,
94-CV-1763 (JG) (E.D.N.Y.);

Corigliano et al v. Arakis Energy Corp. et al.,
1:95CV01661 (D. Columbia);

In Re Southwestern Life Corporation Securities Litigation,
Master File No. 3-95 CV 05166 (N.D. of Texas, Dallas Div.);

In Re International Business Machines Corporation Securities Litigation,
Master File No. 92-9076 (GLG)(S.D.N.Y.);

In Re Checkers Drive In Securities Litigation,
93-1749-CIV-T-17A, (Middle Dist. Fla.);

In Re Intelligent Electronics, Inc. Securities
Litigation; Master File No. 92-CV-1905 (ED Pa);

In Re Coastcast Corporation Securities Litigation,
Master File No. CV-94-5712-RG (AJWX) (CD of Cal.);

In Re Media Vision Technology, Inc. Securities
Litigation, C-94-1015-EFL, (ND Cal.);

In Re Kidder Peabody Litigation,
94 CIV. 3954 (S.D.N.Y.);

Myer Okun Defined Benefit Pension Plan and David Semel v. Jennifer Convertibles,
CV-95 0080 (E.D.N.Y.);

In Re JWP, Inc. Securities Litigation,
92 Civ 5815 (S.D.N.Y.);

In Re Medaphis Corporation Securities Litigation,
95 Civ. 1535 N.D. Ga. Atlanta Div.,

In Re Valence Technologies Securities Litigation,
C-95-20459-JW (N.D. of Ca.);

Silverstein, et al. v. Turner Broadcasting Systems et al.,
No. E-41500 (Supr. Ct. of Ful.Co., Ga);

In Re Woolworth Securities Class Action Litigation,
Master File No. 94 Civ. 2217 (S.D.N.Y.);

Calhoun, et al. v. Work Recovery, Inc. et al.,
95-561-TUC-ACM (D. of Az.);

In Re Roberds Securities Litigation,
Case No. C-3-94-86 (SD Ohio);

Joseph v. Computer Concepts Corp.,
95CV3304 (E.D.N.Y.);

In Re American Pacific Securities Litigation,
CV-S-93-00576-PMP- (LRL) (Nevada);

In Re Leslie Fay Securities Litigation,
No. 92-CIV-8036 (WCC) (S.D.N.Y.);

In Re Tiphook Securities Litigation,
Master File No. 93-CV-4449 (New Jersey);

In Re Liuski International Inc. Securities Litigation,
94 Civ 1045 (E.D.N.Y.);

In Re ACLN, Ltd. Securities Litigation
Initial Filing 12/27/2001 (S.D. New York) (Hon. Richard Conway Casey);

In Re Advanced Lighting Technologies Securities Litigation
Initial Filing 04/09/1999 (N.D. Ohio) (Hon. Donald C. Nugent);

In Re AnnTaylor Stores Corporation Securities Litigation
Initial Filing 04/24/1996 (S.D. New York) (Hon. Allen G. Schwartz);

In Re Andrx Corporation Securities Litigation

Initial Filing 03/22/2002 (S.D. Florida);

In Re Ascend Communications, Inc. Securities Litigation
Initial Filing 12/02/1997 (C.D. California) (Hon. Mariana R. Pfaelzer);

In Re Aspen Technology, Inc. Securities Litigation
Initial Filing 10/05/1998 (D. Massachusetts) (Hon. Patti B. Saris);

In Re AT&T Corporation Securities Litigation
Initial Filing 10/27/2000 (D. New Jersey);

In Re AT&T Wireless Group Securities Litigation
Initial Filing 12/06/2000 (S.D. New York) (Hon. Sidney H. Stein);

In Re BankAmerica Corporation Securities Litigation
Initial Filing 10/15/1998 (E.D. New York) (Hon. Nina Gershon);

In Blech Securities Litigation
H-94-3973 (S.D. New York)

In Re BMJ Medical Management Securities Litigation
Initial Filing 02/02/1999 (S.D. Florida) (Hon. William J. Zloch)

In Re The Boeing Company Securities Litigation
Initial Filing 10/31/1997 (W.D. Washington) (Hon. Thomas S. Zilly);

In Re Boston Chicken Securities Litigation
Initial Filing 06/23/1997 (D. Colorado) (Hon. Patricia A. Coan);

In Re Bre-X Minerals Securities Litigation
Initial Filing 04/28/1997 (W.D. Texas) (Hon. Edward C. Prado);

In Re Bristol-Myers Squibb Co. Securities Litigation
Initial Filing 04/28/2000 (D. New Jersey) (Hon. Garrett E. Brown, Jr.);

In Re Bristol-Myers Squibb Company Securities Litigation
Initial Filing 03/21/2002 (D. New Jersey) (Hon. Loretta A. Preska);

In Re Candie's Inc. Securities Litigation
Initial Filing 05/17/1999 (S.D. New York) (Hon. Colleen McMahon);

In Re Cendant Corporation Securities Litigation
Initial Filing 04/24/1998 (E.D. Pennsylvania);

- 8 -

In Re CHS Electronics, Inc. Securities Litigation
Initial Filing 04/29/1999 (S.D. Florida) (Hon. Alan S. Gold);

In Re Cisco Systems, Inc. Securities Litigation
Initial Filing 04/20/2001 (N.D. California) (BZ);

In Re Compaq Computer Corp. Securities Litigation
Initial Filing 03/12/1999 (S.D. Texas);

In Re Comparator Systems Corp. Securities Litigation
No. 763689 (Superior Court of California) (Hon. John C. Woolley)

In Re ComTech Communications Securities Litigation
CV-1208 (ADS) (S.D. New York);

In Re Crown America REIT Securities Litigation
Civ. No. 95-202-J (E.D. Pennsylvania) (Hon. D. Brooks Smith)

In Re DaimlerChrysler AG Securities Litigation
Initial Filing 11/28/2000 (D. Delaware);

In Re Emulex Corporation Securities Litigation
Initial Filing 02/20/2001 (C.D. California);

In Re Enron Corp. Securities Litigation
Initial Filing 10/22/2001 (S.D. Texas) (Hon. Melinda Harmo);

In Re ESC Medical Systems Ltd. Securities Litigation
Initial Filing 10/23/1998 (S.D. New York) (Hon. Michael B. Mukasey);

In Re Exodus Communications, Inc. Securities Litigation
Initial Filing 07/16/2001 (N.D. California);

In Re FirstPlus Financial Group, Inc. Securities Litigation
Initial Filing 11/06/1998 (N.D. Texas);

In Re Fore Systems, Inc. Securities Litigation
Initial Filing 07/29/1997 (W.D. Pennsylvania);

In Re Foxmeyer Health Corporation Securities Litigation
Initial Filing 08/12/1996 (N.D. Texas) (Hon. Sam A Lindsay);

In Re Ford Motor Company Securities Litigation
Initial Filing 01/29/2002 (S.D. New York) (Hon. Milton Pollack);

In Re FPA Medical Management, Inc. Securities Litigation
Initial Filing 05/15/1998 (C.D. California);

In Re General Instruments Corp. Securities Litigation
01-3051 (E.D. Pennsylvania) (Hon. Harry D. Leinenveber)

In Re Global Crossings, Ltd. Securities Litigation
Initial Filing 02/14/2002 (C.D. California);

In Re Globalstar Telecommuncations Ltd. Securities Litigation
Initial Filing 03/06/2001 (S.D. New York);

In Re Globix Corporation Securities Litigation
Initial Filing 01/04/2002 (S.D. New York);

In Re GTE Corp. Takeover Litigation
Initial Filing 06/01/2000 (S.D. New York) (Hon. Deborah A. Batts);

In Re GT Interactive Software Securities Litigation
Initial Filing 01/07/1998 (S.D. New York) (Hon. Loretta A. Preska);

In Re Happiness Express, Inc. Securities Litigation
Initial Filing 05/22/1996 (E.D. New York);

In Re Homestead Holding Corp. Securities Litigation
4671-S-1991 (Court of Common Pleas, Dauphin County)

In Re Informix Corporation Securities Litigation
Initial Filing 04/11/1997 (N.D. California) (Hon. Wayne D. Brazil);

In Re Insurance Management Solutions Group, Inc. Securities Litigation
Initial Filing 10/07/2000 (M.D. Florida);

In Re Intel Corporation Securities Litigation
Initial Filing 10/09/2001 (N.D. California);

In Re Iomega Corporation Securities Litigation
Initial Filing 02/09/1998 (D. Utah) (Hon. David Sam);

In Re IPO Allocation Securities Litigation
21 MC 92 (SAS) (S.D. New York) (Hon. Shira A. Scheindlin)

In Re Iridium World Communications, Ltd. Securities Litigation
Initial Filing 04/22/1999 (D. District Columbia) (Hon. Thomas P. Jackson);

In Re J.P. Morgan Chase & Co., Inc. Securities Litigation
Initial Filing 02/15/2002 (S.D. New York);

In Re Kinder Morgan, Inc. Securities Litigation
Initial Filing 06/28/2000 (D. Colorado);

In Re Knight Trading Group, Inc. Securities Litigation
Initial Filing 11/08/2000 (D. New Jersey);

In Re Legato Systems, Inc. Securities Litigation
Initial Filing 12/02/2000 (N.D. California) (Hon. Jeremy Fogel);

In Re Lernout & Hauspie Speech Products N.V. Securities Litigation
Initial Filing 08/11/2000 (E.D. Pennsylvania);

In Re L.F. Rothschild Holding Corp. Debenture Litigation
90-CV-0708 (MJL) (S.D. New York);

In Re Lucent Technologies, Inc. Securities Litigation
Initial Filing 12/28/2000 (D. New Jersey);

In Re McKesson HBOC, Inc. Securities Litigation
Initial Filing 04/28/1999 (N.D. California) (Hon. James Larson);

In Re Medi-Hut Co., Inc. Securities Litigation
Initial Filing 02/28/2002 (D. New Jersey);

In Re Metromedia Fiber Network Securities Litigation
Initial Filing 08/21/2001 (S.D. New York);

In Re National Auto Finance Securities Litigation
Initial Filing 10/29/1998 (S.D. Florida) (Hon. Daniel T. K. Hurley);

In Re Network Plus Corp. Securities Litigation
Initial Filing 07/03/2001 (S.D. New York);

In Re New Era of Networks, Inc. Securities Litigation
Initial Filing 01/04/2001 (D. Colorado);

In Re NorthPoint Communications Group, Inc. Securities Litigation
Initial Filing 10/31/2001 (S.D. New York) (Hon. Shira A. Scheindlin);

In Re NVIDIA Corporation Securities Litigation
Initial Filing 02/19/2002 (N.D. California);

In Re Oracle Corporation Securities Litigation
Initial Filing 03/13/2001 (N.D. California) (MEJ);

In Re Oxford Health Plans, Inc. Securities Litigation
Initial Filing 11/04/1997 (D. Connecticut) (Hon.Dominic J. Squatrito);

In Re Pacific Gateway Exchange Securities Litigation
Initial Filing 04/07/2000 (N.D. California) (Hon. William H. Alsup);

In Re Paradyne Networks, Inc. Securities Litigation
Initial Filing 11/30/2001 (S.D. New York) (Hon. Shira A. Scheindlin);

In Re Party City Securities Litigation
Initial Filing 03/22/1999 (D. New Jersey) (Hon. Alfred J. Lechner, Jr.);

In Re PeopleSoft Inc. Securities Litigation
Initial Filing 01/29/1999 (N.D. California) (Hon. Martin J. Jenkins);

In Re PHP Healthcare Corp. Securities Litigation
Initial Filing 03/09/1998 (C.D. California) (Hon. Andrew J. Wistrich);

In Re Phycor Inc. Securities Litigation
Initial Filing 10/06/1998 (M.D. Tennessee) (Hon. Joe B. Brown);

In Re Plains All American Pipeline Securities Litigation
Initial Filing 11/29/1999 (S.D. Texas);

In Re PLC Systems, Inc. Securities Litigation
Initial Filing  (D. Massachusetts) (Hon. Richard G. Stearns);

In Re Priceline.com Securities Litigation
Initial Filing 10/07/2000 (D. Connecticut);

In Re Providian Financial Corporation Securities Litigation
Initial Filing 10/25/2001 (N.D. California);

In Re PSINet, Inc. Securities Litigation
Initial Filing 12/28/2000 (E.D. Virginia);

In Re Rambus, Inc. Securities Litigation
Initial Filing 08/14/2001 (N.D. California);

In Re Razorfish, Inc. Securities Litigation
Initial Filing 12/15/2000 (S.D. New York);

In Re Reliance Group Holdings Inc. Securities Litigation
Initial Filing 06/23/2000 (S.D. New York);

In Re Rite Aid Corporation Securities Litigation
Initial Filing 03/15/1999 (E.D. Pennsylvania) (Hon. Stewart Dalzell);

In Re Rockefeller Center Properties, Inc. Securities Litigation
Initial Filing 11/15/1996 (D. Delaware) (Hon. Roderick R. McKelvie);

In Re S3 Incorporated Securities Litigation
Initial Filing 11/5/1997 (N.D. California) (Hon. Vaughn R. Walker);

In Re Safeguard Scientifics, Inc. Securities Litigation
Initial Filing 06/28/2001 (E.D. Pennsylvania);

In Re Schlotzsky's, Inc. Securities Litigation
Initial Filing 08/26/1998 (W.D. Texas) (Hon. James R. Nowlin);

In Re Scientific-Atlanta, Incorporated Securities Litigation
Initial Filing  07/24/2001 (N.D. Georgia);

In Re Sotheby's Holdings, Inc. Securities Litigation
Initial Filing 02/11/2000 (S.D. New York);

In Re SpecTran Corporation Securities Litigation
Initial Filing 10/02/1998 (D. Massachusetts);

In Re Sprint Corporation Securities Litigation
Initial Filing 06/25/2001 (D. Kansas);

In Re Sunterra Corporation Securities Litigation
Initial Filing 01/23/2000 (M.D. Florida);

In Re Symbol Technologies, Inc. Securities Litigation
Initial Filing 03/05/2002 (E.D. New York);

In Re Tee-Com Electronics, Inc. Securities Litigation
3:98-CV-00213 (AVC) (D. Connecticut);

In Re 3Com Corporation Securities Litigation
Initial Filing 12/05/1997 (N.D. California) (Hon. James Ware );

In Re Tel-Save Holdings Securities Litigation
Initial Filing 07/01/1998 (E.D. Pennsylvania);

- 13 -

In Re Triton Energy Limited Securities Litigation
Initial Filing 07/22/1998 (E.D. Texas);

In Re Tyco International Ltd. Securities Litigation
Initial Filing 02/05/2002 (S.D. New York) (Hon. George B. Daniels);

In Re UniCapital Corporation Securities Litigation
Initial Filing 06/08/2000 (S.D. Florida);

In Re Unify Corporation Securities Litigation
Initial Filing 07/31/2000 (N.D. California);

In Re USEC, Inc. Securities Litigation
Initial Filing 11/07/2000 (W.D. Kentucky);

In Re Vencor, Inc. Securities Litigation
Initial Filing 12/24/1997 (W.D. Kentucky);

In Re VISX, Inc. Securities Litigation
Initial Filing 02/25/2000 (N.D. California) (Hon. Maxine M. Chesney);

In Re Warnaco Group, Inc. Securities Litigation
Initial Filing 08/23/2000 (S.D. New York);

In Re Waste Management Inc. Securities Litigation
Initial Filing 11/03/1997 (N.D. Illinois) (Hon. Wayne R. Anderson);

In Re Windmere-Durable Holdings Inc. Securities Litigation
Initial Filing 09/25/1998 (E.D. New York);

In Re WorldCom Inc. Securities Litigation
Initial Filing 11/08/2000 (E.D. Pennsylvania);

In Re Worldwide Xceed Group, Inc. Securities Litigation
Initial Filing 03/01/2001 (S.D. New York);

In Re Xerox Corporation Securities Litigation
Initial Filing 12/23/1999 (D. Connecticut); and

In Re XO Communications, Inc. Securities Litigation
Initial Filing 12/05/2001 (E.D. Virginia).

This firm presently serves or recently has served as derivative counsel in the following corporate governance actions:

- 14 -

In Re BP Amoco Derivative Litigation
01-CH-011404 (Circuit Court of Cook County, Illinois);

In Re Conseco, Inc. Derivative Litigation
29D03-0006-CP-0393 (Superior Court, Hamilton County) (Hon. Steven R. Wation);

In Re Daimler-Chrysler AG Proxy Shareholder Litigation
Initial Filing 11/28/2000 (D. Delaware);

In Re FPL Group, Inc. Derivative Litigation
02-20170-CIV-Gold (S.D. Florida) (Hon. Simonton);

In Re Imclone Systems, Inc. Derivative Litigation
02-601304 (Supreme Court, New York County);

In Re MeVC Draper Fisher Fund Derivative Litigation
02-CV-142 (D. Delaware); and

In Re Walt Disney Co. Derivative Litigation
No. BC164078 (Superior Court, California).


This firm presently serves or recently has served as class counsel in the following Merger & Acquisitions / corporate governance actions:

In Re Chock Full O'Nuts Corp. Shareholder Litigation
No. 99-9108759 (Supreme Court, New York County);

In Re Dow Chemical / Union Carbide Merger Litigation
00 CIV. 3364 (DC) (S.D. New York) (Hon. Denny Chin);

In Re GTE Corp. Takeover Litigation
Initial Filing 06/01/2000 (S.D. New York) (Hon. Deborah A. Batts);

In Re Infinity Broadcasting Corp. Shareholder Litigation
No. 18219 NC (Delaware Chancery Court);

In Re JW Genesis Financial Corp. Takeover Litigation
CL-00-9682-AO (Circuit Court, 15th Judicial Circuit, Florida);

In Re NTN Communications, Inc. Shareholder Litigation
No. 785008 (Superior Court, California);

In Re Paxson Communications Corp. Shareholder Litigation

No. 17568-NC (Delaware Chancery Court);

In Re Plains All American Pipelines Shareholder Litigation
Initial Filing 11/29/1999 (S.D. Texas);

In Re Rave Medium Group, Inc. Shareholder Litigation
No. 18940 (Delaware Chancery Court);

In Re U.S. West Shareholder Litigation
No. 17230 (Delaware Chancery Court);

In Re Walt Disney Co. Shareholder Litigation
No. BC164078 (Superior Court, California); and

In Re Warner Lambert Co. Shareholder Litigation
No. 1750-NC (Delaware Chancery Court).

This firm presently serves or recently has served as class counsel in the following consumer and product liability class actions:

In Re AOL Version 5.0 Software Product Liability Litigation
00-1341-MD-Gold (D. Florida);

In Re Fen-Phen / Redux Consumer Litigation
Civ. No. 1203 (E.D. Pennsylvania);

In Re Omnibus HMO Consumer Litigation
3:00CV2037 (SRV) (D. Connecticut);

In Re Providian Financial Corp. Credit Card Litigation
Judicial Council Coordination Proceeding No. 4085 (Superior Court, California); and

In Re Taco Bell Genetic Corn Consumer Litigation
00-CH-14114 (Circuit Court of Cook County, Illinois).

This firm presently serves or recently has served as class counsel in complex litigation relating to RICO or antitrust violations in the following cases:

In Re Colin Services Systems RICO Litigation
00-7571 (U.S. Court of Appeals, Second Circuit);

In Re High Fructose Corn Syrup Antitrust Litigation
MDL 1087 & Master file 95-1477 (D. Illinois) (Hon. Kauffman);

In Re IPO Fee Antitrust Litigation
01-9072 (S.D. New York) (Hon. Lawrence M. McKenny); and

In Re Options Trading Antitrust Litigation
MDL 1283 & 99-CV-962 (S.D. New York) (Hon. Casey).

     This firm presently serves or recently has served as class counsel in complex litigation relating to mass torts, toxic torts, environment contamination, human rights, and/or Holocaust victims claims in the following cases:

In Re MTBE Gas Additive Litigation
14065 / 001 (S.D. New York);

In Re Dow Chemical Company (Dursban) Litigation
Initial Filing 05/21/01 (S.D. New York);

In Re Bhopal Gas Disaster Litigation
99 Civ. 11329 (S.D. New York);

In Re French Bank Holocaust Litigation
97-CV-7433 & 98-CV-7851 (E.D. New York) (Hon. Sterling Johnson); and

In Re Gulf War Syndrome Litigation
94-C-1392 (District Court, Brazoria County) (Hon. Hardin).

- 17 -

**EXHIBIT E**

# LAW OFFICE OF ALFRED G. YATES JR., PC
**519 ALLEGHENY BUILDING**
**429 FORBES AVENUE**
**PITTSBURGH, PENNSYLVANIA 15219**
**(412) 391-5164**

**ALFRED G. YATES JR**, born Sarver, Pennsylvania, June 17, 1946; AV Rating from Martindale-Hubbell; admitted to the bar of the Commonwealth of Pennsylvania and the U.S. District Court for the Western District of Pennsylvania (1973); U.S. Court of Appeals, Third Circuit (1982). Education: University of Pittsburgh (J.D., 1973), College of William and Mary (A.B., 1968). With U.S. Army 1968-1970.

**GERALD L. RUTLEDGE**, born Bronxville, New York, December 5, 1965; admitted to the bar of the Commonwealth of Pennsylvania and the U.S. District Court for the Western District of Pennsylvania (1991); U.S. Court of Appeals, Third Circuit (1996). Education: Duquesne University School of Law (J.D., 1991), Carnegie Mellon University (B.S., 1988).

**AARON P. ASHER**, born Joliet, Illinois, January 17, 1979; admitted to the bar of the Commonwealth of Pennsylvania and the U.S. District Court for the Western District of Pennsylvania (2004); Education: University of Pittsburgh School of Law (J.D., 2004), Wittenberg University (B.A., 2001).

## FIRM RESUME

The Law Office of Alfred G. Yates Jr has been engaged for over ten years in commercial litigation of securities and consumer antitrust class actions. The firm's office is located in Pittsburgh, Pennsylvania. The firm has held appointments as co-lead counsel in the securities cases *Millionerrors Investment Club, et al. v. General Electric Co., et al.*, No. 99-781 in the United States District Court for the Western District of Pennsylvania and *Sagent Technology, Inc. Securities Litigation*, Master File No. C-01-4637-PJH in the Northern District of California. The firm has been appointed co-lead counsel in the derivative action *Sachs v. Wave Systems Corp.*, 04-30032-MAP (D. Mass.). The firm is currently litigating class and consumer cases pending in federal and state courts across the United States. As shown below, the firm has successfully represented defrauded consumers, stockholders and investors in many recoveries.

The firm has participated in litigation locally in federal court for the United States District Court for the Western District of Pennsylvania leading to settlements as follows: *Bell, et al. v. Fore Systems, Inc., et al.*, No. 97-cv-1265, $11.7 million; *Black Box Sec. Litig.*, No. 03-cv-412, $2 million, *Blue Cross of Western Pennsylvania Litig.*, No. 93-1591, $16 million; *Chambers Sec. Litig.*, No. 92-cv-0679, $95 million; *Di Cicco, et al. v. American Eagle Outfitters, Inc., et al.*, No. 95-cv-1937, $1.95 million; *Fox vs. Equimark Corporation, et al.*, No. 90-cv-1504, $6.5 million cash; *Butler, et al. v. Northstar Health Services, Inc., et al.*, No. 96-cv-701, $5.7 million; *PNC Sec. Litig. I*, No. 90-592, $6.3 million, *PNC Bank Corp. Sec. Litig. II*, No. 94-cv-1961, $5.45 million; *Schmitzer, et al. vs. The Italian Oven, Inc., et al.*, No. 96-cv-1248, $3.278 million; *Sulcus Computer Sec. Litig. II*, No. 94-cv-0565, $800,000 and 1.4 million common shares of Sulcus stock; *Tri-Star*

*Farms Limited v. Marconi PLC, et al.*, 01-cv-1573, $7.1 million, and *Westinghouse Sec. Litig.*, No. 91-cv-354, $67.25 million. The firm also participated locally in state court litigation in the Commonwealth of Pennsylvania in *JLK Direct Distribution, Inc. Shareholders Litig.*, G.D. No. 00-12565 (Pa C.P. Court, Allegheny County) a tender offer case that resulted in the acquiring company paying 30% more to JLK minority shareholders, and *Spring Hills Savings and Loan*, G.D. No. 90-21690 (Pa C.P. Court, Allegheny County).

The firm is currently serving as plaintiffs' counsel in class actions and securities litigation pending in the United States District Court for the Western District of Pennsylvania as follows: *Moorehead v. Consol Energy, Inc., et al*, No. 03-cv-1588; *Citiline Holdings, Inc. v. Printcafe Software, Inc., et al.*, No. 03-cv-0959; *In re DQE, Inc. Sec. Litig.*, Master File No. 01-cv-1851; *In re FreeMarkets, Inc. Sec. Litig.*, No. 01-cv-746; and *PNC Financial Services Group, Inc. Sec. Litig.*, No. 02-cv-0271.

The firm has or is serving as plaintiffs' counsel in several consumer product liability and antitrust class actions including, for example: *In re Automotive Refinishing Paint Antitrust Litigation*, MDL Docket No. 1426 (E.D. Pa.); *In re Baycol Products Liability Litigation*, MDL 1431 (D. Minn.); *In re Buspirone Antitrust Litigation*, MDL No. 1410 (S.D. NY); *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. M-02-1486 PJH (N.D. Ca.); *In re Electrical Carbon Products Antitrust Litigation*, MDL No. 1514; *In re Lupron Drug Cases*, Judicial Council Coordination Proceeding No. 4238 (Master File No. 402591)(Superior Ct. Ca.); *In re Meridia Products Liability Litigation*, MDL No. 1481, Case No. 5:2002-cv-08000(JSG/PH)(N.D. Ohio, Eastern Div.); *In re Microsoft Corp. Antitrust Litigation*, MDL No. 1332 (D. MD); *In re Northwest Airlines Corp., et al. Antitrust Litigation*, Master File No. 96-74711 (E.D. Mich.); and *In re Premarin Litigation*, No. 01-cv-447 (S.D. Ohio).

During the course of over ten years, the firm has been involved in litigation across the United States resulting in numerous successful recoveries on behalf of class members in the following actions: *Aames Financial Corp. Sec. Litig.*, 97-6714-CAS(ANx) (C.D. Ca.), $4.625 million. *AMD Derivative Litig.*, No. 93-20732-RPA (N.D. Ca., San Jose Division), $2.25 million. *America Online, Inc.*, 97-264-A (E.D. Va, Alexandria Division, $35 million. *American Adjustable Rate Term Trust Sec. Litig.*, 4-95-666 and 4-95-667 (D. Minn., Fourth Division), $14.2 million. *Amgen, Inc.*, 98-6483-WMB(RZx)(C.D. Ca, W.D.), $1 million. *Amplidyne, Inc.*, 99-4468(MLC), (N.D. Tx, Dallas Division), $750,00 cash and 324,486 common shares. *Asanté Sec. Litig.*, C-94-20499(A)-RMW(EAI) (N.D. Ca., San Jose Division), $2.6 million. *Bergen Brunswig Corp. Sec. Litig.*, SACV-99-1305-AHS(ANx)(C.D. Ca, S.D.) $27,972,500. *Biocraft Laboratories, Inc.*, 93-5147(JCL)(D. NJ), $4.5 million. *Boeing Sec. Litig.*, No. C97-1715Z (W.D. Wa. at Seattle), $92.5 million. Buffets, Inc. Sec. Litig., No. 3-94-1447 (D. Minn.), $7 million. *Compumed, Inc.*, CV-95-7051 MRP(VAPx) (C.D. Ca), $1 million. *California Micro Devices Corp.*, C-94-2817-VRW (N.D. Ca.), $10.025 million cash plus 608,696 in stock. *Cascade International, Inc.*, 91-8652-CIV-NESBIT (S.D. Fla.), $9.125 million. *Centennial Technologies*, 1:97-10304 and 1:97-10348(REK) (D. Mass), $1.475 million, $22,832,512 in stock. *Cheyenne Software Sec. Litig.*, 94 Civ. 2771 (NG) (VVP) (USDC ED NY), $10.5 million. *Childrens' Place Sec. Litig.*, 97-5021(JCL),(D.C. N.J.), $1.45 million. *Coastal Healthcare Group, Inc.*, 95-cv-00306 (M.D. NC),

$8.15 million. *Cohr, Inc.*, 98-3028-JSL(BQRx)(C.D. Ca, W.D.), $12 million. *Compression Labs*, Master File No. C-95-2222-FMS (N.D. Ca, San Jose Division), $4.7 million. *Compumed*, 95-6110 (D. NJ), $1.6 million. *Coram Healthcare Corp. Sec. Litig.*, 95-N-2074, (D. Colorado), $22.5 cash and stock. *Crop Growers Corporation Sec. Litig.*, CV-95-58-GF-PGH (D. Montana, Great Falls Division), $2.5 million. *Daka International, Inc.*, 96-12109 (D. Mass), $3.5 million. *Data Race, Inc.*, SA-95-CA-1180 (W.D. Texas), $800,000 and 10,000 shares of stock. *Dataware Technologies Inc. Sec. Litig.*, 94-12250-DPW (D. Mass.), $1.7 million and 250,000 shares of common stock. *Dean Witter Reynolds, Inc.*, 737787 (Superior Court Ca, Orange County), $4.5 million. *Diana Corp. Sec. Litig.*, CV-97-3186-R(AJWx) (C.D. Ca, W.D.), $8 million. *Domestic Air Transportation Antitrust Litig.*, 1:90-CV-2485-MHS & MDL No. 861 (N.D. Ga, Atlantic Division), $458 million in cash and coupons. *DSP Group, Inc. Sec. Litig.*, C-95-4025-CAL (N.D. Ca.), $2.9 million. *eConnect, Inc. Sec. Litig.*, CV 00-2674 MMM(JWJx) (C.D. Ca.), $350,000 and 5 million warrants. *Federal Express Sec. Litig.*, 90-2359-4B (W.D. Tenn, Western Division), $3.3 million. *FPA Medical Management, Inc. Sec. Litig.*, 98cv0928-L(AJB)(S.D. Ca.), $4.4 million. *Golden Bear, Inc.*, Case No. 98-8520 (S.D. Fla.) $3.5 million. *Health Care Services Group Inc. Sec. Litig.*, 91-6097 (E.D. Pa), $2.625 million. *Hi/Fn, Inc. Sec. Litig.*, C-99-4531-SI (N.D. Ca.), $6.8 million and 270,000 shared common stock. *Hollywood Park Sec. Litig.*, Master File No. CV-94-6551-ABC (GHKx) (C.D. Ca) and derivative action No. 692583 (Superior Court of California, County of San Diego), $5.8 million for class and derivative actions. *Home Shopping Network Sec. Litig.*, No. 93-602-Civ-T-25(B) (M.D. Fla), $9.6 million. *Horizon/CMS Healthcare Corp.*, Case No. 96-0442-BB/LCS(D. NM), $20 million minimum. *Hospital Staffing Services*, No. C-92-4101-CW (N.D. Ca), 1.2 million shares of common stock. *I.C. Isaacs & Company, Inc.*, 99-cv-3418 (BEL)(D. Md.), $625,000. *IDB Communications Group, Inc. Sec. Litig.*, Case No. 94-3618 RG(JGx) (C.D. Ca), $73 million in the class action and $2 million in the derivative. *Informix Corp Securities Litigation*, C-97-1289-CRB (N.D. Ca,), 49.025 million cash, $87.475 million stock. *IntelCom Group Sec. Litig.*, 95-N-2074 (D. Colorado), $2.5 million. *Intelligent Electronics Sec. Litig.*, Master File No. 92-CV-1905 (E.D. Pa), $10 million. *J.D. Edwards & Co.*, 99-N-1848 (D. Co.), $15 million. JWP Inc. Sec. Litig., 92 Civ. 5815 (WCC) (S.D. NY), $36 million. *Kidder Peabody Sec. Litig.*, 94 Civ. 3954(BSJ)(MHD)( S.D. NY), $19 million. *Littlefield Adams & Co. Sec. Litig.*, SA-93-CA-0561 (W.D. Texas, San Antonio Division), $2.521 million and $1.4 million worth of common stock. *Lopez v. Checkers Drive-In Restaurants, et al.*, 94-282-CIV-T-17C (M.D. Florida, Tampa Division), $8.175 million and $5.1 million worth of warrants to purchase Checkers common stock. *Manugistics Group, Inc. Sec. Litig.*, 98-CV-1881 (FNS) (D. Md., S.D.), $2 million. *Medaphis Corp.*, 96-CV-2088 (N.D. Ga.), $72 million in cash, shares and warrants. Megafoods Stores, Inc., CIV-94-1702-PHX-PGR (D. Arizona), $12.25 million. *Microstrategy Sec. Litig.*, 00-472-A (E.D. Va., Alexandria Division) $137.5 million plus $55 million from accountant PricewaterhouseCoopers LLP. *Midlantic Corporation Sec. Litig.*, Master File No. 90-1275 (DRD) (D. N.J.), $6.1 million. *Molten Metal Sec. Litig.*, 97-10325-MLW (D. Mass.), $11.835 million. *Morrison Knudsen Corporation Sec. Litig.*, CV 94-0334-S-EJL, (D. Idaho), $54 million in cash and stock. *NASDAQ Market Makers*, Case No. 94-Civ-3996 (S.D. NY), $1.027 billion. *Nature's Bounty, Inc.*, 94-4818 (E.D. NY), $8 million. NCD Sec. Litig., (N.D. Ca) Master File No. C-96-1345-CAL, $12 million. *Navigant Consulting, Inc. Sec. Litig.*, C07617(N.D. Ill.), $23 million. *Networth, Inc. Sec. Litig.*, 3-93-CV-0747-R (N.D. Tx., Dallas Division), $1 million cash and common stock. *Novacare Sec. Litig.*, 94-cv-5808 (E.D. of Pa), $1.5 million. *NTN Communications, Inc. Sec. Litig.*,

- 3 -

93-0952-H(LSP) (S.D. Ca), $2,236,250 cash and warrants. *Olicom Sec. Litig.*, 3:94-CV-0511-D (N.D. Texas, Dallas Division), $7.5 million. *Orion Pictures Corp. Sec. Litig.*, 91 CV 1903 (CBA) (E.D. NY), $8 million. *P-Com, Inc. Sec. Litig.*, CV776853 (S.Ct. Ca., Cty San Diego), $16 million. Pilot Network Sec. Litig., C-00-03862-PJH (N.D. Ca.), $6.5 million. *Premier Laser Sec. Litig.*, SACV-98-388-AHS(EEx) (C.D. Ca.) $4.3 million and 2.5 million shares. *Procyte Sec. Litig.*, No. C94-1557 WD (W.D. Washington at Seattle), $7.75 million cash and warrants. *ProNet, Inc. Sec. Litig.*, 3:96-CV-1795-P, 3:96-CV-2116-P (N.D. Texas, Dallas Division), $7.25 million cash, one million shares of common stock. *ProSoft I-Net Solutions*, Master No. 79327 (Ca Sup. Court) $2.2 million. *Quarterdeck Office Systems Inc. Sec. Litig.*, CV 92-3970 DWW (C.D. Ca), $3.9 million. *Sam & Libby, Inc. Sec. Litig.*, Master File No. 92-1564-WHO (N.D. Ca), $8.25 million. *Sirrom Capital Corp. Sec. Litig.*, 3-98-0643 (M.D. Tenn., Nashville Division), $15 million. *Sound Advice, Inc., Sec. Litig.*, Case No. 92-6457-Civ. (S.D. FL, Miami Division), $2.765 million in cash and warrants. *Source Media Sec. Litig.*, 3-98-CV-1980-M (N.D. Tx., Dallas Division), $3.2 million. *Spectrum Information Technologies Inc. Sec. Litig.*, (E.D. NY), $3.994 million and 1.3 million shares Massimo DaMilano stock. *Symantec Corporation Class and Derivative Actions*, C-92-20785-JW(EAI), $18.6 million. *SystemSoft Corp.*, 98-10367-EFH (D. Mass.), $2.9 million cash and 5.2 million common shares. *Tambrands Inc. Sec. Litig.*, 93 Civ. 2872 (CLB), (S.D. NY), $8,500,000. *United States Surgical Corporation Sec. Litig.*, 3:92 CV 374 (AHN) (D.C. Conn), $3.5 million cash and 315,000 shares of common stock. *Video Lottery Technologies, Inc. Sec. Litig.*, Master File No. CV-92-68-BU-PGH (D. Mo), $18.5 million. *York Sec. Litig.*, CV 91-5040 (LJF) (S.D. NY), $500,000 cash and 600,000 warranties with a surrender price of $11.50/share. *The Topps Company, Inc., et al.*, CV-93-0347(JG) (E.D. NY), $2.45 million. *Taco Cabana, Inc., et al.*, SA-95-CA-0847 (W.D. Texas, San Antonio Division), $6 million cash and stock. *Tele-Communications, Inc.*, Case No. 97-CV-421 (Co), $26.5 million. *Twinlab Corp. Sec. Litig.*, 98-CV-7425 (E.D. NY), $26,485,893.70. Unify Corp. Sec. Litig., C-00-2728-SI (N.D. Ca.), $3.4 million. *Unistar Financial Services Corp. Sec. Litig.*, 3:99-CV-1857-M (N.D. Tx., Dallas Division), $1.7 million plus 10% of any merger or asset sale proceeds within 24 months of settlement.

In cases in which our firm has been involved, the court has recognized the contributions of our counsel. In *Di Cicco, et al. v. American Eagle Outfitters, Inc., et al.*, 95-CV-1937 (W.D. Pa), Magistrate Judge Kenneth J. Benson wrote:

"The court has never seen a more thorough tracking of the requirements for a good class action settlement than that pursued by counsel in this case...The court has been impressed with the competence and candor of counsel..."

District Judge Thomas J. Platt in *Nature's Bounty, Inc., Sec. Litig.*, 94-CV-4818 (E.D. NY), wrote:

"Plaintiffs here are represented by several well-known securities litigation firms and by practitioners who, collectively, have many years of experience litigating securities class actions. There can be no question but that plaintiffs' counsel are adequately skilled and experienced to conduct the proposed litigation."