## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA McMATH, On Behalf of Herself and All Others Similarly Situated, | : <br> : <br> : |
| Plaintiff, | : Civil Action No. 05cv5168 <br> : |
| v. | : <br> : Filed Electronically |
| MBNA CORP., BRUCE L. HAMMONDS, KENNETH A. VECCHIONE, RICHARD K. STRUTHERS, CHARLES C. KRULAK, JOHN R. COCHRAN, III, MICHAEL G. RHODES, LANCE L. WEAVER, and JOHN W. SCHEFLEN, | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : <br> : |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO CONSOLIDATE THIS ACTION WITH A RELATED ACTION
## AND TRANSFER THESE ACTIONS TO THE DISTRICT OF DELAWARE

Richard J. Urowsky (RU-0334)
Richard C. Pepperman, II (RP-0957)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Defendants*

July 11, 2005

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ....................................................................................2

BACKGROUND ........................................................................................................3

ARGUMENT .............................................................................................................6

I.      This Action Should Be Consolidated with the *Kimball* Action ...............................6

II.     This Action Should Be Transferred to the District of Delaware ............................7

     A.      This Action (and the *Kimball* Action) Could Have Been
         Brought in the District of Delaware ...........................................................7

     B.      Balancing the Conveniences Warrants Transfer to the
         District of Delaware ...................................................................................8

          1.      Trial Efficiency and the Interests of Justice Strongly Favor
              Transfer to the District of Delaware .................................................9

          2.      The Locus of Operative Facts Lies in the District of
              Delaware .......................................................................................10

          3.      Sources of Proof Are Most Likely to Be Found in the
              District of Delaware .......................................................................11

          4.      Convenience of Witnesses Would Be Served by Transfer to
              the District of Delaware .................................................................12

          5.      The District of Delaware Possesses Equal or Greater
              Ability to Compel Attendance of Unwilling Witnesses ...............13

          6.      Convenience of the Parties Favors Transfer to the District
              of Delaware ...................................................................................13

          7.      The District of Delaware Is Capable of Adjudicating
              Federal Securities Claims. ............................................................13

          8.      Plaintiff's Choice of Forum Is Entitled to Little or No
              Deference .......................................................................................14

     CONCLUSION............................................................................................................16

# TABLE OF AUTHORITIES

## CASES

*In re Air Crash at Belle Harbor, N.Y.*,
MDL No. 1448, 2005 WL 1115099 (S.D.N.Y. Apr. 21, 2005) ...................................6

*APA Excelsior III L.P.* v. *Premiere Techs., Inc.*,
49 F. Supp. 2d 664 (S.D.N.Y. 1999) ................................................................9, 10, 11

*Baltimore* v. *Toyota Motor Credit Corp.*,
No. 00-CV-8415, 2001 WL 637377 (S.D.N.Y. June 8, 2001) ...................................12

*Berman* v. *Informix Corp.*,
30 F. Supp. 2d 653 (S.D.N.Y. 1998) ................................................................ *passim*

*Capital Venture Int'l* v. *Network Commerce, Inc.*,
No. 01 CIV 4390 (JSM), 2002 WL 417246 (S.D.N.Y. Mar. 15, 2002) ......................9

*Chet Baker Enters.* v. *Fantasy, Inc.*,
257 F. Supp. 2d 592 (S.D.N.Y. 2002) ............................................................... *passim*

*Connors* v. *Lexington Ins. Co.*,
666 F. Supp. 434 (E.D.N.Y. 1987) ...........................................................................9

*Filmline (Cross-Country) Prods., Inc.* v. *United Artists Corp.*,
865 F.2d 513 (2d Cir. 1989) ......................................................................................8

*Firemen's Ins. Co. of Newark, N.J.* v. *Keating*,
753 F. Supp. 1137 (S.D.N.Y. 1990) ..........................................................................6

*Goggins* v. *Alliance Capital Mgmt. L.P.*,
279 Supp. 2d 228 (S.D.N.Y. 2003) .................................................................. *passim*

*Internet Law Library, Inc.* v. *Southridge Capital Mgmt., LLC*,
208 F.R.D. 59 (S.D.N.Y. 2002) .................................................................................6

*Johnson* v. *Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990) ....................................................................................6

*Linzer* v. *EMI Blackwood Music Inc.*,
904 F. Supp. 207 (S.D.N.Y. 1995)............................................................................8

*Mitsui Marine & Fire Ins. Co.* v. *Nankai Travel Int'l Co.*,
245 F. Supp. 2d 523 (S.D.N.Y. 2003) ...........................................................8, 12, 13

*Schulman* v. *Lumenis, Ltd.*,
  No. 02-Civ-1989, 2003 WL 21415287 (S.D.N.Y. June 18, 2003) ..............................6

*Sheehan* v. *Little Switzerland, Inc.*,
  136 F. Supp. 2d 301 (D. Del. 2001) ..........................................................................13

*Steinhardt Partners* v. *Smith Barney, Harris Upsham & Co.*,
  716 F. Supp. 93 (S.D.N.Y. 1989) ...............................................................................9

*Tracinda Corp.* v. *DaimlerChrysler, A.G.*,
  197 F. Supp. 2d 42 (D. Del. 2002) ...........................................................................13

*Viacom Int'l, Inc.* v. *Melvin Simon Prods., Inc.*,
  774 F. Supp. 858 (S.D.N.Y. 1991) .......................................................................8, 12

*Wyndham Assocs.* v. *Bintliff*,
  348 F.2d 614 (2d Cir. 1968) .................................................................................9, 10

## STATUTES

15 U.S.C. § 78aa ...............................................................................................................8

28 U.S.C. § 1404...............................................................................................1, 3, 7, 15

## RULES

Fed. R. Civ. P. 42...........................................................................................................1, 6

**0UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VIRGINIA McMATH, On Behalf of Herself and All Others Similarly Situated, | : <br> : <br> : |
| Plaintiff, | :    Civil Action No. 05cv5168 <br> : |
| v. | : <br> :    Filed Electronically |
| MBNA CORP., BRUCE L. HAMMONDS, KENNETH A. VECCHIONE, RICHARD K. STRUTHERS, CHARLES C. KRULAK, JOHN R. COCHRAN, III, MICHAEL G. RHODES, LANCE L. WEAVER, and JOHN W. SCHEFLEN, | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO CONSOLIDATE THIS ACTION WITH A RELATED ACTION**
**AND TRANSFER THESE ACTIONS TO THE DISTRICT OF DELAWARE**

Defendants MBNA Corporation ("MBNA") and Bruce L. Hammonds,

Kenneth A. Vecchione, Richard K. Struthers, Charles C. Krulak, John R. Cochran, III,

Michael G. Rhodes, Lance L. Weaver and John W. Scheflen (collectively, the "Individual

Defendants") respectfully request that that this putative class action be consolidated

pursuant to Fed. R. Civ. P. 42(a) with another closely related putative class action

pending in this Court, *Kimball* v. *MBNA Corp.*, No. 1:05-CV-04725-KMK (S.D.N.Y.

filed May 16, 2005), and that these actions be transferred pursuant to 28 U.S.C. § 1404(a)

to the United States District Court for the District of Delaware where seven nearly-

identical putative class actions are already pending.  Defendants are filing the same motion in the *Kimball* action.

## PRELIMINARY STATEMENT

Defendant MBNA is a bank holding company incorporated in the State of Maryland and headquartered in Wilmington, Delaware.  Compl. ¶ 10.  The Individual Defendants are all officers or directors of MBNA, most of whom live and work in the District of Delaware.  *Id.* ¶¶ 11-18.  Nearly all of the underlying events alleged in the Complaint as the bases for plaintiff's claims under the federal securities laws occurred in the District of Delaware, and the large majority of witnesses and documentary evidence are likely to be found in that district.  Moreover, seven putative class action complaints have already been filed in the District of Delaware asserting virtually identical claims on behalf of essentially the same putative class.  The first of these actions was filed nearly four weeks before plaintiff filed her complaint in this Court.

Plaintiff has not alleged any personal connection to the Southern District of New York, nor has she asserted any connection between the events alleged in the Complaint and this District.  The only other related case pending in this District is *Kimball* v. *MBNA Corp.*, No. 1:05-CV-04725-KMK (S.D.N.Y. filed May 16, 2005), which was brought by the same lawyers who represent plaintiff here.  These two actions involve identical questions of law and fact and thus should be consolidated pursuant to Rule 42(a).  Indeed, the *Kimball* plaintiff likewise seeks consolidation of the two actions.  Moreover, because the center of gravity of this litigation is in Delaware—and there are already numerous class-action lawsuits pending there that assert the same claims—this

-2-

action and the *Kimball* action should be transferred to the District of Delaware pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

On April 21, 2005, MBNA announced earnings of $0.02 per share, which were below previous estimates. Compl. ¶ 3. MBNA's stock declined by about 20% the following day. *Id*. ¶ 5. Two weeks later, on May 5, 2005, the first of many class-action lawsuits was filed against MBNA and the Individual Defendants in the District of Delaware on behalf of a putative class of MBNA shareholders alleging violations of the Securities and Exchange Act of 1934. *Baker* v. *MBNA Corp.*, No. 1:05-CV-00272-GMS (D. Del. filed May 5, 2005).[1] Over the next month, seven additional putative class action complaints were filed in the District of Delaware, all alleging similar securities law violations on behalf of the same putative class of MBNA shareholders. *Phillips* v. *MBNA Corp.*, No. 1:05-CV-00277-GMS (D. Del. filed May 9, 2005); *Wilkins* v. *MBNA Corp.*, No. 1:05-CV-00287-GMS (D. Del. filed May 12, 2005); *Bronstein* v. *MBNA Corp.*, No. 1:05-CV-00289-GMS (D. Del. filed May 13, 2005); *Penn* v. *MBNA Corp.*, No. 1:05-CV-00293-GMS (D. Del. filed May 13, 2005); *Jones* v. *MBNA Corp.*, No. 1:05-CV-00316-GMS (D. Del. filed May 20, 2005); *Blum* v. *MBNA Corp.*, No. 1:05-CV-00372-KAJ (D. Del. filed June 8, 2005); *Cussen* v. *MBNA Corp.*, No. 1:05-CV-00389-UNA (D. Del.

---

[1] The *Baker* complaint is attached as Exhibit A to the Affidavit of Ryan C. Williams, sworn to July 7, 2005 ("Williams Aff.").

filed June 13, 2005).[2]  In addition, two derivative actions were filed in the District of

Delaware based on the same underlying factual allegations, *Lemon Bay Partners LLP* v.

*Hammonds*, No. 1:05-CV-00327-GMS (D. Del. filed May 25, 2005); *Benoit* v.

*Hammonds*, No. 1:05-CV-00361- KAJ (D. Del. filed June 6, 2005), and a putative class

action was filed in Delaware asserting claims under ERISA on behalf of a putative class

of investors in MBNA's 401K Plus Savings plan based on the same allegations.  *Cannon*

v. *MBNA*, No. 1:05-CV-00429-UNA (D. Del. filed June 24, 2005).[3]  All of these cases

are listed as related actions in the District of Delaware PACER system, and three motions

to be appointed lead plaintiff were filed in the District of Delaware on July 5, 2005.

On May 31, 2005—twenty-six days after the first complaint was filed in

the District of Delaware—plaintiff filed this action in the Southern District of New York.

Like each of the complaints filed in the District of Delaware, plaintiff asserts claims

under the Securities and Exchange Act of 1934 against MBNA and the Individual

Defendants arising out of the April 21, 2005 MBNA announcement.  Indeed, the

substantive allegations of plaintiff's complaint and those filed in the District of Delaware

are nearly identical.  For example, like nearly all of the Delaware complaints, plaintiff's

allegations of misrepresentations focus on a January 20, 2005 press release issued by

MBNA and conference calls conducted by certain of the Individual Defendants on

---

[2] These seven complaints are attached as Exhibits B through H to the Williams Aff.  The *Cussen* action was voluntarily dismissed on July 5, 2005.

[3] The complaints in the two derivative actions are attached as Exhibits I through J to the Williams Aff., and the ERISA complaint is attached as Exhibit K.

January 21, 2005 and February 9, 2005. *Compare* Compl. ¶¶ 33-38, 44-46 *with*, *e.g.*, *Baker* Compl., Williams Aff. Ex. A ¶¶ 36-41, 47-51; *Bronstein* Compl., Williams Aff. Ex. C ¶¶ 24-26, 29. And, like each of the Delaware complaints, plaintiff's complaint in this action alleges certain stock sales by the Individual Defendants during the class period as supposed evidence of scienter. *Compare* Compl. ¶ 43 *with*, *e.g.*, *Baker* Compl., Williams Aff. Ex. A ¶ 46; *Bronstein* Compl., Williams Aff. Ex. C ¶ 28. There is also nearly complete overlap between the class period alleged in plaintiff's complaint—January 20, 2005 to April 21, 2005, Compl. ¶ 1—and those alleged by the Delaware plaintiffs. *See*, *e.g.*, *Baker* Compl., Williams Aff. Ex. A ¶ 1 (alleging class period from January 20, 2005 to April 21, 2005); *Phillips* Compl., Williams Aff. Ex. B ¶ 1 (alleging class period from January 20, 2005 to April 20, 2005); *Bronstein* Compl., Williams Aff. Ex. C ¶ 1 (alleging class period from January 20, 2005 to April 21, 2005).

Plaintiff's complaint in this action contains only a single allegation to support venue in the Southern District of New York, asserting that venue is proper here because MBNA allegedly maintains "significant business relationships" in this District. Compl. ¶ 8. None of the business relationships described in that paragraph bear any relation to the facts alleged in the Complaint, and the Complaint provides no indication that either witnesses or other sources of evidence relevant to plaintiff's claims are located in this District. *Cf. Baker* Compl., Williams Aff. Ex. A ¶ 12 (alleging venue is proper in the District of Delaware because the alleged conduct occurred in Delaware and MBNA's principal executive offices are located in Delaware).

On May 16, 2005, Scott Kimball, represented by the same counsel that represents plaintiff in this action, filed a nearly identical action in this Court. *Kimball* v. *MBNA Corp.*, No. 1:05-CV-04725-KMK (S.D.N.Y. filed May 16, 2005). The *Kimball* complaint makes identical factual allegations and asserts identical claims on behalf of the same putative class. On July 5, 2005, the *Kimball* plaintiff filed a motion for consolidation, appointment as lead plaintiff and approval of selection of co-lead counsel.

## ARGUMENT

### I.    This Action Should Be Consolidated with the *Kimball* Action.

The Court may consolidate pending actions that involve a common question of law or fact. Fed. R. Civ. P. 42(a). In deciding whether consolidation is appropriate, the Court should balance "considerations of judicial economy [which] favor consolidation" and concerns of fairness, prejudice and confusion. *Johnson* v. *Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990); *accord*, *e.g.*, *In re Air Crash at Belle Harbor, N.Y.*, MDL No. 1448, 2005 WL 1115099, at *2-3 (S.D.N.Y. Apr. 21, 2005); *Internet Law Library, Inc.* v. *Southridge Capital Mgmt., LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002); *Firemen's Ins. Co. of Newark, N.J.* v. *Keating*, 753 F. Supp. 1137, 1141 (S.D.N.Y. 1990). In *Schulman* v. *Lumenis, Ltd.*, No. 02-Civ-1989, 2003 WL 21415287 (S.D.N.Y. June 18, 2003), the Court consolidated nearly identical securities claims that were based on the same alleged misstatements and the same legal theories and that were asserted on behalf of the same putative class. *Id*. at *2.

-6-

The *Kimball* complaint is, with the exception of the name of the plaintiff, identical to the Complaint in this action. In addition, the *Kimball* plaintiff and plaintiff here are represented by the same counsel, and they seek to assert claims on behalf of the same putative class covering the same class period. *Compare* Compl. ¶ 1 *with Kimball* Compl. ¶ 1. Consolidation unquestionably would benefit judicial economy and would not implicate any contrary concerns about fairness, prejudice or confusion. This action thus should be consolidated with the *Kimball* action pursuant to Rule 42(a). In fact, the *Kimball* plaintiff already has moved to consolidate the two actions.

## II.    This Action Should Be Transferred to the District of Delaware.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The threshold question in determining whether transfer is appropriate is "whether the proposed transferee jurisdiction is one in which the action could have been initiated." *Chet Baker Enters.* v. *Fantasy, Inc.*, 257 F. Supp. 2d 592, 596 (S.D.N.Y. 2002). If the action could have been brought in the transferee district, the court then must balance the conveniences to determine if transfer is appropriate. *Id.*

### A.    This Action (and the *Kimball* Action) Could Have Been Brought in the District of Delaware.

Plaintiff's complaint readily acknowledges that MBNA is headquartered in Wilmington, Delaware. Compl. ¶ 10. The Securities and Exchange Act of 1934 provides that actions thereunder may be filed "in the district wherein the defendant is

-7-

found." 15 U.S.C. § 78aa. Because MBNA is headquartered in Delaware, Compl. ¶ 10,

venue is proper in the District of Delaware. *See Berman* v. *Informix Corp.*, 30 F. Supp.

2d 653, 657 (S.D.N.Y. 1998) (holding that securities fraud action could be brought in

district where defendant corporation was headquartered and most of its officers worked).

      **B.**      **Balancing the Conveniences Warrants Transfer to the District of Delaware.**

        The question of whether the balancing of conveniences warrants transfer

of a case pursuant to Section 1404(a) is left "to the sound discretion of the district court."

*Filmline (Cross-Country) Prods., Inc.* v. *United Artists Corp.*, 865 F.2d 513, 520 (2d Cir.

1989). This Court has considered the following eight factors in determining whether the

balance of conveniences favors transfer in a particular case:

        1) trial efficiency and the interests of justice;

        2) the place where the operative facts occurred;

        3) the relative of access to sources of proof;

        4) the convenience to witnesses;

        5) the availability of process to compel attendance of unwilling witnesses;

        6) the convenience to the parties;

        7) the forum's familiarity with the governing law; and

        8) the plaintiff's choice of forum.

*Goggins* v. *Alliance Capital Mgmt. L.P.*, 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003);

*accord*, *e.g.*, *Mitsui Marine & Fire Ins. Co.* v. *Nankai Travel Int'l Co.*, 245 F. Supp. 2d

523, 527 (S.D.N.Y. 2003); *Chet Baker Enters.*, 257 F. Supp. 2d at 595; *Linzer* v. *EMI*

*Blackwood Music Inc.*, 904 F. Supp. 207 (S.D.N.Y. 1995); *Viacom Int'l, Inc.* v. *Melvin*

*Simon Prods., Inc.*, 774 F. Supp. 858, 867-68 (S.D.N.Y. 1991). Applying and balancing

each of these factors strongly support transferring this action and the *Kimball* action to

the District of Delaware.

> **1.     Trial Efficiency and the Interests of Justice Strongly Favor Transfer to the District of Delaware.**

The Second Circuit has recognized that the pendency of related claims in a

separate district strongly favors transfer:

> There is a strong policy favoring the litigation of related
> claims in the same tribunal in order that pretrial discovery
> can be conducted more efficiently, duplicitous [sic] litiga-
> tion can be avoided, thereby saving time and expense for
> both parties and witnesses, and inconsistent results can be
> avoided.

*Wyndham Assocs.* v. *Bintliff*, 348 F.2d 614, 619 (2d Cir. 1968); *accord APA Excelsior III*

*L.P.* v. *Premiere Techs., Inc.*, 49 F. Supp. 2d 664, 668 (S.D.N.Y. 1999) ("[T]he existence

of a related action pending in the transferee court weighs heavily toward transfer,");

*Berman*, 30 F. Supp. 2d at 660-61 ("[O]ne of the most important factors considered by

courts in evaluating a motion to transfer is the existence of similar litigation in the

transferee district."); *Goggins*, 279 F. Supp. 2d at 234-35; *Capital Venture Int'l* v.

*Network Commerce, Inc.*, No. 01 CIV 4390, 2002 WL 417246, at *2 (S.D.N.Y. Mar. 15,

2002); *Steinhardt Partners* v. *Smith Barney, Harris Upsham & Co.*, 716 F. Supp. 93, 95

(S.D.N.Y. 1989); *Connors* v. *Lexington Ins. Co.*, 666 F. Supp. 434, 455 (S.D.N.Y. 1987).

Courts in this District have repeatedly transferred actions where a large

number of related actions are pending in a separate forum.  For example, in *Goggins*, the

Court transferred an action to the District of New Jersey where there were already six

related actions "making virtually the same factual allegations as those asserted here."

279 F. Supp. 2d at 234. Likewise, in *Capital Venture Int'l*, the Court transferred an action against a Washington corporation to the Western District of Washington where there were "seven class actions currently pending that contain similar allegations against [the company] and a majority of the individual named Defendants." 2002 WL 417246 at *1. And, in *APA Excelsior*, the Court held that the pendency of 22 related actions in another district alleging very similar causes of action under the federal securities laws strengthened the importance of this factor, even to the point of outweighing a forum selection clause in the merger agreement that was the subject of the claims. 99 F. Supp. 2d at 668.

Seven related shareholder class actions have already been filed in the District of Delaware, five of which were filed before this action was filed. The allegations in these seven actions are based on the same earnings announcement, cover the same period and are brought on behalf of the same proposed class as the allegations in this action. In addition, two closely related derivative actions and one closely related ERISA action are pending in the District of Delaware. Maintaining duplicative actions in both Delaware and New York would be inefficient in the extreme, and could potentially lead to different results for nearly identical actions. The "strong policy favoring the litigation of related claims in the same tribunal," *Wyndham Assocs.*, 348 F.2d at 619, weighs heavily in favor of transferring this action and the *Kimball* action to Delaware.

**2.      The Locus of Operative Facts Lies in the District of Delaware.**

In a securities action, the locus of operative facts is often the location of the company's headquarters. For example, in *Berman*—an action that, like this case,

-10-

involved alleged misstatements prior to an earnings release—the Court held that the

Northern District of California was the locus of operative facts because the company in

that case was headquartered in that district and "the statements that form the basis of

plaintiff's claims originated there." 30 F. Supp. 2d at 658. Similarly, in an action

involving statements made during merger negotiations, the court held that "these claims

may be understood to have arisen, to some extent, in Atlanta, where [the defendant's]

headquarters is located and the documents were prepared." *APA Excelsior*, 49 F. Supp.

2d at 672-73.

       The only connection to this District alleged in plaintiff's complaint is that

MBNA has some business contacts in New York. Compl. ¶ 8. Plaintiff acknowledges,

however, that MBNA is headquartered in Wilmington, Delaware, *id.* ¶ 10, and all of the

operative facts alleged as the bases for plaintiff's claims occurred in Delaware. *See id.*

¶¶ 33-52. Because the locus of operative facts in this action is Delaware—and plaintiff

has alleged no operative facts that occurred in New York—this factor also strongly favors

transfer to Delaware.

       **3.**       **Sources of Proof Are Most Likely to Be Found in the District of Delaware.**

       The location of the relevant documents in the transferee forum is another

factor that weighs in favor of transfer. In *Berman*, the Court recognized the important

role that documents play in both discovery and trial. 30 F. Supp. 2d at 658. In

transferring the action, the Court noted that the documents relating to that litigation were

in the transferee forum, which would reduce the cost of trial because documents would

not have to be transported to New York.  *Id.*  Plaintiff has not alleged that any sources of evidence relevant to the claims asserted in her complaint are located in New York.  On the other hand, she has acknowledged that MBNA's headquarters—where most of the relevant documents are likely to be found—is in Delaware.  Compl. ¶ 10.  Thus, this factor likewise weighs in favor of transfer.

### 4.    Convenience of Witnesses Would Be Served by Transfer to the District of Delaware.

The convenience of both party and non-party witnesses is one of the most important factors in determining whether to transfer an action.  *See, e.g.*, *Mitsui Marine*, 245 F. Supp. at 526; *Chet Baker Enters.*, 257 F. Supp. 2d at 597; *Berman*, 30 F. Supp. 2d at 657; *Viacom*, 774 F. Supp. at 86.  In *Chet Baker Enters.*, the Court transferred an action to the Northern District of California, the location of defendant corporation's headquarters, noting that most of the witnesses who aided in the drafting of the contract at issue were in California.  257 F. Supp. 2d at 597.  Similarly, the Court in *Berman* transferred an action to the district where the key witnesses, who were officers of the defendant corporation, were located.  30 F. Supp. 2d at 657.  In another class action suit, the Court transferred an action to California where "New York would be convenient for only a handful of Plaintiffs' witnesses while California would be convenient for a majority of Defendant's."  *Baltimore* v. *Toyota Motor Credit Corp.*, No. 00-CV-8415, 2001 WL 637377, at *3 (S.D.N.Y. June 8, 2001).

Plaintiff does not allege that New York would be more convenient to any witness.  All of the Individual Defendants work for MBNA in Delaware.  Any other

-12-

relevant witnesses also are much more likely to be found in Delaware than New York. Thus, the convenience of the witnesses also weighs in favor of transfer to the District of Delaware.

### 5. The District of Delaware Possesses Equal or Greater Ability to Compel Attendance of Unwilling Witnesses.

This factor is relevant only if there are third party witnesses who might not be available in the transferee district because the "employees of the parties will as a practical matter be available in any venue by virtue of their employment relationship." *Mitsui Marine*, 245 F. Supp. 2d at 527 (citation omitted). Plaintiff has not alleged that any witnesses—third party or otherwise—would be unavailable in Delaware. Thus, this factor weighs in favor of transfer.

### 6. Convenience of the Parties Favors Transfer to the District of Delaware.

MBNA is headquartered in Delaware, and the Individual Defendants work there. Compl. ¶ 10. Because this is a securities class action involving a major public company, the class of plaintiff shareholders is spread throughout the entire country. This factor thus weighs in favor of transferring the case to the District of Delaware.

### 7. The District of Delaware Is Capable of Adjudicating Federal Securities Claims.

"All federal courts are presumed to be fully capable of ruling on nationally applicable legal principles." *Mitsui Marine*, 245 F. Supp. 2d at 527 (citations omitted); *see also Goggins*, 279 F. Supp. 2d at 234 (stating that either forum is capable of hearing and deciding questions of federal law); *Chet Baker Enters.*, 257 F. Supp. 2d at 598;

*Berman*, 30 F. Supp. at 659. Plaintiff's action is based on federal securities law. The District of Delaware is equally competent to adjudicate such claims. *See*, *e.g.*, *Tracinda Corp.* v. *DaimlerChrysler, A.G.*, 197 F. Supp. 2d 42 (D. Del. 2002); *Sheehan* v. *Little Switzerland, Inc.*, 136 F. Supp. 2d 301 (D. Del. 2001). This factor therefore provides no ground for opposing transfer.

### 8.    Plaintiff's Choice of Forum Is Entitled to Little or No Deference.

In "a large securities case like this, where there are multiple claimants and related class actions, the principle favoring plaintiff's choice of forum carries far less weight." *Berman*, 30 F. Supp. 2d at 659. In *Goggins*, the Court refused to give significant weight to plaintiff's choice of forum because it was a national class action with "numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class's claim." 279 F. Supp. 2d at 232 (citations omitted); *see also Berman*, 30 F. Supp. 2d at 659 ("[T]he emphasis placed by a court on [plaintiffs' choice of forum] diminishes where the operative facts upon which the litigation is brought bear little material connection to the chosen forum."); *Chet Baker Enters.*, 257 F. Supp. 2d at 597 ("[A] plaintiff's chosen forum is given less weight when that forum is neither the plaintiff's home nor the place where the operative facts of the action occurred.").

Plaintiff seeks to represent a nationwide class of MBNA shareholders. Compl. ¶ 1. Her preferred forum is thus of little or no relevance to this litigation.[4] None of the operative facts occurred in New York, and seven virtually identical class actions have already been filed in Delaware, all purporting to represent the same class plaintiff seeks to represent. As in *Goggins* and *Berman*, which also involved putative class action complaints alleging a nationwide class, this Court should afford little or no deference to plaintiff's choice of forum. That choice is greatly outweighed by the many other factors that strongly counsel in favor of transfer.

---

[4] Because there is nearly complete overlap between the allegations and the putative classes described in plaintiff's complaint and the complaints filed in the District of Delaware, all of these cases should be consolidated in a single forum to prevent unnecessary duplication and to facilitate the appointment of a lead plaintiff by a single court as contemplated by the Private Securities Litigation Reform Act. 15 U.S.C. § 78u-4(a)(3)(B). Ultimately only one class action can proceed forward on these claims . For the reasons described above, it is extremely unlikely that the many actions now pending in the District of Delaware will be transferred to this District.

**CONCLUSION**

For the foregoing reasons, this action should be consolidated with the

*Kimball* action, and both actions should be transferred to the United States District Court

for the District of Delaware pursuant to 28 U.S.C. § 1404(a).

Dated: July 11, 2005                         Respectfully submitted,


By:   s/ Richard C. Pepperman, II_____
      Richard J. Urowsky (RU-0334)
      Richard C. Pepperman, II (RP-0957)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2005 I caused a copy of the foregoing

Memorandum of Law in Support of Defendants' Motion to Consolidate This Action With

a Related Action and Transfer These Actions to the District of Delaware to be delivered

by hand to:

> Curtis V. Trinko
> Law Offices of Curtis V. Trinko, LLP
> 16 West 46th Street
> 7th Floor
> New York, NY 10036
> Telephone: (212) 490-9550
> Fax: (212) 986-0158

_____s/ Richard C. Pepperman, II_____

-17-