**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCOTT KIMBALL, On Behalf of Himself and All Others Similarly Situated, : : : : Plaintiff, : : v. : : : MBNA CORP., BRUCE L. HAMMONDS, : KENNETH A. VECCHIONE, RICHARD K. : STRUTHERS, CHARLES C. KRULAK, : JOHN R. COCHRAN, III, MICHAEL G. : RHODES, LANCE L. WEAVER, and JOHN : W. SCHEFLEN, : : Defendants. : | Civil Action No. 05cv4725 (KMK) **Filed Electronically** |
| VIRGINIA McMATH, On Behalf of Herself and All Others Similarly Situated, : : : : Plaintiff, : : v. : : : MBNA CORP., BRUCE L. HAMMONDS, : KENNETH A. VECCHIONE, RICHARD K. : STRUTHERS, CHARLES C. KRULAK, : JOHN R. COCHRAN, III, MICHAEL G. : RHODES, LANCE L. WEAVER, and JOHN : W. SCHEFLEN, : : Defendants. : | Civil Action No. 05cv5168 (KMK) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO CONSOLIDATE THIS ACTION WITH A RELATED ACTION
AND TRANSFER THESE ACTIONS TO THE DISTRICT OF DELAWARE**

## TABLE OF CONTENTS

**PAGE**

ARGUMENT ........................................................................................................................2

I.    The "Strong Policy" Favoring Litigation of Closely Related Actions in the
      Same Forum Strongly Supports Transferring These Actions to the District
      of Delaware ..............................................................................................................2

II.   Plaintiffs' Choice of Forum Is Entitled to Minimal Deference ...............................5

III.  The District of Delaware Is the Proper Forum for These Actions ..........................6

CONCLUSION ....................................................................................................................8

## TABLE OF AUTHORITIES

### CASES

*APA Excelsior III L.P. v. Premiere Technologies, Inc.*,
  49 F. Supp. 2d 664 (S.D.N.Y. 1999) ...................................................................................3

*Berman v. Informix Corp.*,
  30 F. Supp. 2d 643 (S.D.N.Y. 1998) ...................................................................................5

*Capital Venture International v. Network Commerce, Inc.*,
  No. 01 CIV 4390, 2002 WL 417246 (S.D.N.Y. Mar. 15, 2002) .......................................3

*Connors v. Lexington Insurance Co.*,
  666 F.Supp. 434 (S.D.N.Y. 1987) .......................................................................................2

*In re Geopharma, Inc. Sec. Litig.*,
  No. 04 Civ. 9463 (SAS), 2005 WL 1123883 (S.D.N.Y. May 11, 2005) ..........................5

*Goggins* v. *Alliance Capital Mgmt. L.P.*,
  279 F. Supp. 2d 228 (S.D.N.Y. 2003) ................................................................................3

*Micromuse, Inc. v. Aprisma Management Techs., Inc.*,
  No. 05 Civ. 0894-SAS, 2005 WL 1241924 (S.D.N.Y. May 24, 2005) ............................3

*Morgan Guaranty Trust Co. of N.Y. v. Tisdale*,
  No. 95 Civ. 8023, 1996 WL 544240 (S.D.N.Y. Sept. 25, 1996) .......................................7

*In re Nematron Corp. Sec. Litig.*,
  30 F.Supp.2d 397 (S.D.N.Y. 1998) .................................................................................5, 7

*Ravenswoods Invest. Co., L.P. v. Bishop Capital Corp.*,
  No. 04 Civ. 966 KMK, 2005 WL 236440 (S.D.N.Y. Feb. 1, 2005) ..............................6, 7

*Savin* v. *CSX Corp.*,
  657 F.Supp. 1210 (S.D.N.Y. 1987) .....................................................................................8

*Steinhardt Partners v. Smith Barney Harris Upham & Co.*,
  716 F. Supp. 93 (S.D.N.Y. 1989) ....................................................................................2, 4

*Wyndham Associates v. Bintliff*,
  398 F.2d 614 (2d Cir. 1968) .......................................................................................1, 2, 8

## STATUTES

15 U.S.C. § 78u-4 ................................................................................................................3

28 U.S.C. § 1404................................................................................................................9

Plaintiffs urge the Court to deny defendants' motion to transfer these actions to the District of Delaware, where seven nearly-identical securities class actions and three other closely related actions are currently pending, based largely on the contention that their choice of forum should prevail and on the alleged presence in this district of a number of securities analysts who participated in two conference calls described in the complaints.[1]  Neither of these considerations outweighs the "strong interest" recognized by the Second Circuit "favoring the litigation of related claims in the same tribunal."  *Wyndham Assocs.* v. *Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968).  That strong interest would be served here by transferring these actions to the District of Delaware where ten other related cases are pending.

As numerous decisions of this Court have recognized (including cases on which plaintiffs themselves rely), plaintiff's choice of forum is entitled to less weight in the context of nationwide securities class actions, such as these actions.  In these class actions, moreover, the unopposed Lead Plaintiff and Lead Counsel (Activest Investmentgesellschaft mbH and Milberg Weiss Bershad & Schulman, LLP, respectively) support transfer of these actions to the District of Delaware, a fact that plaintiffs fail to mention in their opposition.  And any marginal convenience for non-party witnesses residing in this district would be outweighed by the substantial inconveniences they would face if they were forced to provide duplicative testimony in connection with the related actions pending in the District of Delaware.

---

[1] Plaintiffs do not challenge that portion of defendants' motion asking that these actions be consolidated.  (Pls. Mem. at 1 n.1.)

In short, the interests of the parties, witnesses and judiciary in the efficient resolution of litigation would be furthered by litigating these actions and the ten other closely related actions in the District of Delaware before a single judge. The District of Delaware—the forum chosen by the large majority of plaintiffs and where MBNA is headquartered—is the proper forum for litigating plaintiffs' claims. In addition, no motion has been filed in the District of Delaware to transfer the actions pending in that district to any other court. Nor would such a motion be sustainable under 28 U.S.C. § 1404(2).

## ARGUMENT

I.   **The "Strong Policy" Favoring Litigation of Closely Related Actions in the Same Forum Strongly Supports Transferring These Actions to the District of Delaware.**

The Second Circuit's strong preference for transferring actions to districts in which related litigation is pending is designed to ensure "that pretrial discovery can be conducted more efficiently, [duplicative] litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Wyndham Assocs.* v. *Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968); *accord Steinhardt Partners* v. *Smith Barney Harris Upham & Co.*, 716 F. Supp. 93, 95-96 (S.D.N.Y. 1989) ("[P]olicy considerations favoring the litigation of related claims in one forum are the consolidation of pretrial discovery, the minimization of time and expense for parties and witnesses, and the reduction of inconsistent results."); *Connors* v. *Lexington Ins. Co.*, 666 F. Supp. 434, 455 (S.D.N.Y. 1987) ("Unless there are compelling reasons otherwise, there is no justification for separate trials in separate districts.").

Plaintiffs do not contend that the issues raised by their actions are distinguishable from those raised by the nearly-identical securities class actions pending in the District of Delaware. They also fail to acknowledge that the unopposed Lead Plaintiff and Lead Counsel in these actions support transfer of these two cases to the District of Delaware. Instead, plaintiffs make unconvincing attempts to distinguish the present situation from the numerous prior instances in which courts in this district have transferred actions to other districts in which related litigation was pending.

For example, plaintiffs contend that *APA Excelsior III L.P.* v. *Premiere Technologies, Inc.*, 49 F. Supp. 2d 664 (S.D.N.Y. 1999), in which the court noted that "the existence of a related action pending in the transferee court weighs heavily toward transfer," *id*. at 668, is "inapposite" because, *inter alia*, the actions in the transferee district in *APA Excelsior* had been pending for five months before the first New York action was filed. (Pls. Mem. at 19.) That is a distinction without a difference. If anything, the early stage of this litigation argues in *favor* of transfer so that pre-trial discovery can be coordinated and unnecessary duplication can be avoided from the very outset of the litigation. *Cf. Micromuse, Inc.* v. *Aprisma Management Techs., Inc.*, No. 05 Civ. 0894-SAS, 2005 WL 1241924, at *4 (S.D.N.Y. May 24, 2005) (finding that judicial economy considerations carried less weight where discovery in transferee-district litigation was substantially complete).

Plaintiffs also contend that *APA Excelsior*, as well as *Capital Venture Int'l* v. *Network Commerce, Inc.*, No. 01 CIV 4390, 2002 WL 417246 (S.D.N.Y. Mar. 15, 2002), and *Goggins* v. *Alliance Capital Mgmt. L.P.*, 279 Supp. 2d 228 (S.D.N.Y. 2003), are distinguishable because the actions in the District of Delaware have not yet been

-3-

consolidated. (Pls. Mem. at 20.) This is a formality that should not affect the Court's decision. As noted in defendants' opening brief, on July 5, 2005, three motions seeking consolidation and to be appointed as lead plaintiff pursuant to 15 U.S.C. § 78u-4(3) were filed in the District of Delaware. These requests for consolidation are unopposed, and thus the securities class actions pending in the District of Delaware are almost certain to be consolidated.[2] But even if the actions in the District of Delaware remain unconsolidated, substantial economies still would be achieved by litigating all related actions in a single forum. *See*, *e.g.*, *Steinhardt Partners*, 716 F. Supp. at 95 ("Whether or not this and the [case in the proposed transferee district] would be consolidated . . . transfer would strongly serve the interest of justice.").

        Simply stated, the "distinctions" advanced by plaintiffs do nothing to call into question the many clear and significant efficiencies that will be achieved by transferring these actions to the District of Delaware so that all of the MBNA securities class actions can be litigated in a single forum. There can be no serious dispute that transfer will facilitate the efficient resolution of these actions, eliminate needless duplication and avoid the potential for inconsistent rulings.

---

[2] Although plaintiffs correctly note that the two derivative actions and one ERISA class action pending in the District of Delaware involve somewhat different legal claims, plaintiffs' assertion that these three actions "will most likely not share discovery" with the securities class actions (Pls. Mem. at 4 n.6) is inaccurate. The factual allegations in those other actions are nearly identical to those in these actions. *See* Exhibits I through K to the Affidavit of Ryan C. Williams sworn to July 7, 2005 (filed in connection with defendants' opening brief). Thus, substantial judicial economies still can be achieved by coordinating discovery on the numerous common factual issues in the various cases.

**II.        Plaintiffs' Choice of Forum Is Entitled to Minimal Deference**

As plaintiffs themselves concede (Pls. Mem. at 7), "less deference is shown to the choice of venue of a class representative than that of an individual plaintiff." *In re Geopharma, Inc. Sec. Litig.*, No. 04 Civ. 9463 (SAS), 2005 WL 1123883, at *1 (S.D.N.Y. May 11, 2005).[3] Plaintiffs nevertheless rely on Judge Scheindlin's opinion in the *Geopharma* case for the proposition that even putative class action plaintiffs "are not deprived of all deference in their choice of forum." (Pls. Mem. at 7.)

As an initial matter, the Court in *Geopharma* recognized that any deference owed to plaintiffs' choice of forum can be overcome by a "convincing showing" that venue should be changed. 2005 WL 1123883, at *1. More importantly, the facts in *Geopharma* were very different from those at issue here. Unlike in these actions, there were no closely related actions pending in another district in *Geopharma*. *See id.* at *3 (noting that transfer would not "severely impact the administration of justice" and that judicial economy marginally favored retaining venue in this district). In fact, the Court in *Geopharma* cited the *Goggins* case—where, as here, multiple closely related actions were pending in the proposed transferee district—as an example of a case where defendants had made a "convincing showing" warranting transfer. *Id.* at *1 n.13.

---

[3] *See also In re Nematron Corp.*, 30 F. Supp. 2d 397, 405 (S.D.N.Y. 1998) ("[I]n class actions, less weight is given to the plaintiff's choice [of forum]"); *Berman* v. *Informix Corp.*, 30 F. Supp. 2d at 660 (because plaintiff was "only one among many plaintiffs who could claim that his home state is the appropriate forum," it would make most sense "to try all the actions where the relevant events occurred and the witnesses and documents are located").

In sum, neither plaintiffs' preference for litigating in this district nor the fact that one of the two plaintiffs resides here warrants ignoring the many countervailing factors arguing in favor of transfer to the District of Delaware.

## III.    The District of Delaware Is the Proper Forum for These Actions.

Plaintiffs assert that the "vast majority of the non-party witnesses are located in this District," based largely on their contention that 17 of the 27 equity analysts who reported on MBNA during the relevant period are located "in or around New York City." (Pls. Mem. at 14.)[4] Plaintiffs contend that certain of these analysts participated in two conference calls in January and February 2005 and that statements made during those calls by certain of the individual defendants may have influenced the recommendations these analysts made to investors. (Pls. Mem. at 17.)[5]

If taken to its logical extreme, plaintiffs' argument would mean that the Southern District of New York is the proper forum for all securities class actions because most securities analysts are located in or around New York City. In any event, plaintiffs fail to explain why the testimony of securities analysts is particularly significant in these actions or why testimony will be required from all 27 analysts who reported on MBNA

---

[4] Plaintiffs also argue that MBNA's outside counsel and outside auditors are located in this district. (Pls. Mem. at 14). The location of these firms' offices is largely irrelevant to this transfer motion. *Cf. Ravenswoods Invest. Co., L.P.* v. *Bishop Capital Corp.*, No. 04 Civ. 966 KMK, 2005 WL 236440 at *6 (S.D.N.Y. Feb. 1, 2005) (Karas, J.) ("[A]ny connection to a non-party . . . performing a particular service for [the defendant] is tenuous compared to the connection between [plaintiffs'] claims and the ongoing activities in [the transferee district] that form the basis of this lawsuit.") (quotation omitted).

[5] Plaintiffs also claim that because allegedly misleading statements were "disseminated" to individuals in this district, the "locus of operative facts" factor does not favor transfer to the District of Delaware. (Pls. Brief at 17-18.) The law is clear, however, that "[m]isrepresentations and omissions are deemed to 'occur' in the district where they are transmitted or withheld, not where they are received." *Ravenswoods*, 2005 WL 236440 at *6.

during the relevant period.  Plaintiffs cannot and do not contend that the testimony of these non-party witnesses will play a central role in these actions.  *See Ravenswoods*, 2005 WL 236440, at *4 (convenience of witnesses is given less weight where expected testimony of such witnesses is likely to be less "controversial, complex or extensive" than other witnesses); *Morgan Guaranty Trust Co. of N.Y.* v. *Tisdale*, No. 95 Civ. 8023, 1996 WL 544240, at *5 (S.D.N.Y. Sept. 25, 1996) ("Assessing the degree to which a transfer would inconvenience witnesses entails not merely counting the parties' prospective witnesses, but considering which are likely to provide important testimony.").[6]

       Of far greater importance will be the testimony of the current and former MBNA employees who were involved in preparing the statements at issue or who had knowledge of the company's underlying financial condition.  Indeed, "[i]t is well known that trials in securities class actions focus almost entirely on the defendant's conduct." *In re Nematron*, 30 F. Supp. 2d at 402.  The relevant documentary evidence and most current and former MBNA employees with relevant knowledge are located in the District of Delaware.[7]

       Even if plaintiffs had identified a significant number of important non-party witnesses residing in this district, the "convenience of witnesses" factor still would

---

[6] Plaintiffs assert that "important" non-party witnesses located in New York "probably are not subject to compulsory process in the District of Delaware." (Pls. Mem. at 20.)  Plaintiffs do not explain, however, why they need to compel these witnesses to testify live at trial rather than use their videotaped deposition to the extent their testimony is relevant.

[7] Although plaintiffs contend that modern copying technology means that the location of documentary evidence should be accorded less weight (Pls. Mem. at 17), they do not dispute that this factor supports transfer to the District of Delaware.  *See Ravenswoods*, 2005 WL 236440, at *6; *In re Nematron*, 30 F. Supp. 2d at 404.

favor transfer. There is no transfer motion pending in the District of Delaware (and no basis for making one). If these actions proceed separately in different districts, any testimony provided by witnesses in this district is also likely to be relevant to the nearly-identical cases in the District of Delaware. As a result, declining to transfer these actions could result in witnesses being subject to duplicative discovery. *See Wyndham Assocs.*, 398 F.2d at 619 (transfer of actions to a district in which closely related actions are pending will "sav[e] time and expense for both parties and witnesses"). Considerations of judicial economy and efficiency thus are more than sufficient to outweigh any marginal convenience litigating in this district might offer to a handful of non-party witnesses located in New York. *See Savin* v. *CSX Corp.*, 657 F.Supp. 1210, 1215 (S.D.N.Y. 1987) (finding transfer to district where closely related actions were pending was justified even where, "everything else aside, New York would provide a slightly more convenient forum . . . for the parties and witnesses"). These considerations take on even greater importance in class actions because there can be only one certified class of MBNA shareholders to litigate these claims.[8]

## CONCLUSION

The District of Delaware is the primary locus of operative facts in this litigation and the location of the large majority of relevant documentary evidence and

---

[8] Plaintiffs argue that this motion should be denied because defendants did not submit an "affidavit listing the witnesses inconvenienced by the current forum and a general statement of what their testimony would cover." (Pls. Mem. at 12.) Such an affidavit is not necessary here because the principle bases for this motion are undisputed. Significantly, plaintiffs do not deny that (i) there are numerous closely related actions pending in the District of Delaware, (ii) MBNA is headquartered in Delaware, (iii) most of the relevant documentary evidence and most of the current and former MBNA employees with relevant knowledge (including all of the individual defendants) are located in Delaware, and (iv) the unopposed Lead Plaintiff and Lead Counsel agree that Delaware is the appropriate forum.

witnesses. Neither plaintiffs' choice of forum nor the purported convenience of the handful of non-party witnesses identified by plaintiffs is sufficient to outweigh the substantial efficiencies that would be achieved by transferring these cases to the District of Delaware, where discovery and other aspects of this litigation can be coordinated with the ten closely actions already pending there. The unopposed Lead Plaintiff and Lead Counsel in these securities actions also support transfer of these actions to the District of Delaware.

Consequently, these actions should be consolidated and transferred to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a).

Dated: August 24, 2005				Respectfully submitted,


						By:  s/ Richard C. Pepperman, II
						   Richard J. Urowsky (RU-0334)
						   Richard C. Pepperman, II (RP-0957)
						SULLIVAN & CROMWELL LLP
						125 Broad Street
						New York, New York 10004
						(212) 558-4000

						*Attorneys for Defendants*

### **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2005 I caused a copy of the foregoing Reply Memorandum in Support of Defendants' Motion to Consolidate This Action With a Related Action and Transfer These Actions to the District of Delaware to be delivered by hand to:

> Curtis V. Trinko
> Law Offices of Curtis V. Trinko, LLP
> 16 West 46th Street
> 7th Floor
> New York, NY 10036
> Telephone: (212) 490-9550
> Fax: (212) 986-0158

                                                    s/ Richard C. Pepperman, II